## BEACHAM *v.* WOODARD.

1. A sale by a trustee in bankruptcy of certain lands did not divest a third party of the title to the trees and timber growing upon a part of the land, where the trees and timber had been conveyed to such third party by deed duly recorded and executed prior to the conveyance by the common grantor to the bankrupt.
2. The court erred in directing a verdict in favor of the purchaser at the trustee's sale.

No. 3485. SEPTEMBER 7, 1923.

Equitable petition. Before Judge Kent. Laurens superior court. September 16, 1922.

*G. H. Williams,* for plaintiff in error.

*C. C. Crockett, William Brunson,* and *Adams, Camp & Youmans,* contra.

BECK, P. J. This was a proceeding to enjoin the cutting of timber on certain lands located in Laurens County, and to confirm the title to the same in the defendant in error. On January 9, 1913, G. H. Williams conveyed to M. E. Burts the tract of land upon which the timber in question was located. This was an ordinary warranty deed without any reservation or exception as to the timber located thereon. This deed was recorded on the same date. On December 28, 1912, M. E. Burts conveyed the same tract of land to the John Hancock Mutual Life Insurance Company, to secure a loan. This deed was recorded on January 8, 1913, and likewise conveyed all the property without any reservation as to the timber. On August 14, 1916, William Brunson was appointed trustee in bankruptcy for M. E. Burts, and on

November 15, 1916, he went into possession of this same tract of land and continued in possession as such trustee until October 17, 1917, when he made a trustee's deed to J. L. Woodard Jr. Part. of this time the trustee rented the lands and collected rent thereon. He applied to the referee in bankruptcy for an order to sell this land; and the referee passed an order directing that a meeting be held before him on December 2, 1916, for the consideration of said application, and that certain parties (including J. R. Broadhurst, under whom the plaintiff in error holds, and the only one connected with this case) show cause at said meeting why the property should not be sold by the trustee, freed of their liens or claims. This notice was duly served on J. R. Broadhurst. Certain other parties appeared at this meeting and filed objections to the sale, which objections were overruled by the referee; and upon exceptions filed the referee's ruling was affirmed by the district court of the United States. J. R. Broadhurst made no appearance. The referee's order directed that the lands be sold freed of all liens and claims, except that in favor of the John Hancock Mutual Life Insurance Company. At the trustee's sale on October 16, 1917, these lands were sold to J. L. Woodard Jr., which sale was confirmed by the court and a deed was made to him by the trustee. Upon this sale J. L. Woodard Jr. entered into possession and was in possession at the time of the trial. In September, 1920, J. H. Beacham, claiming the timber rights on these lands under a conveyance of the timber to him by J. R. Broadhurst, began cutting the same. The timber lease under which J. R. Broadhurst claimed was executed to him by G. H. Williams on December 18, 1912, and recorded on January 4, 1913. The issue was determined in favor of J. L. Woodard Jr., the defendant in error, and title to the timber decreed in him. J. H. Beacham filed a motion for a new trial, to the overruling of which he excepted.

In the motion for new trial the plaintiff in error assigns error upon instructions given by the court directing a verdict in favor of petitioner. The question at issue was the title to the property involved in the controversy. G. H. Williams was the common grantor of the plaintiff in error and Burts. The trustee in bankruptcy of the latter sold the land upon which the timber was growing, free from liens and encumbrances. On December 18, 1912, Williams, the common grantor, executed a deed " conveying

all the timber and trees on the land in question," for a stated consideration. This deed was prior in date to the deed from Williams to Burts, and it was duly recorded. The instrument by which Williams conveyed to Broadhurst is referred to in the brief of counsel as a lease; but in the brief of evidence the document in question is referred to as a deed, and it is stated that it conveyed all the timber and trees on the land in question. This is followed by the recital that " the lease runs for twenty years." The recital that the lease runs for twenty years is not necessarily in conflict with the statement that the written instrument was a deed. Construing the entire recital in the brief of evidence touching the document, it is in substance that a deed of conveyance of the trees and timber was executed, and that the grantees in the deed had twenty years in which to remove the trees and timber. Such a deed as this placed the title to the trees and timber in the grantee, and the title to the same remained in him and passed to his grantee, and was not affected by the appointment of a trustee in bankruptcy. The trustee in bankruptcy took the right, title, and interest of the bankrupt in the lands in question, and as trustee had no other or greater right than the bankrupt had, and could not, upon the sale of such property, convey a greater title than that possessed by the bankrupt. In re Moose River Lumber Co., 42 Am. Bk. R. 242. The fact that the referee in bankruptcy, upon the application of the trustee, passed an order directing that a meeting be held before him on December 2, 1916, for the consideration of said application, and that certain parties, including J. R. Broadhurst, the grantee of the timber under the deed from Williams, under whom plaintiff in error holds, should show cause at said meeting why the property should not be sold by the trustee free of their liens or claims, and that Broadhurst made no appearance or objection, did not have the effect of divesting him of his title to the timber and trees, nor estop him from asserting his title. Broadhurst did not have a lien upon the land nor a claim upon it. He had a title to the trees and timber and the right to have the growing timber supported by the soil. See the case of *North Georgia Co.* v. *Bebee,* 128 *Ga.* 563 (57 S. E. 873). The defendant in error claims title by prescription to the land; but certainly the evidence supporting this claim was not such as to authorize the direction of a verdict in his favor.

As to certain small portions of the land there were questions as to transfers of title under tax sales; but the court made no ruling upon this, evidently basing his ruling upon the ground that the sale by the trustee in bankruptcy conveyed title to the purchasers to the entire 637 acres.

*Judgment reversed. All the Justices concur.*