JONES, trustee, *v.* EDWARDS, administrator, *et al.*

No. 9616.   OCTOBER 10, 1933.

*H. A. Wilkinson* and *Henry Wilkinson,* for plaintiff.

*M. C. Edwards* and *Tom Edwards,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) A trustee in bankruptcy, as an officer of the court of bankruptcy, occupies a dual position. As to ownership, he becomes the representative of the bankrupt; and in the administration of the bankrupt's assets it is his duty to secure as much as he can for the creditors of the bankrupt. "A trustee in bankruptcy takes the right, title, and interest of the bankrupt in both real and personal property and as trustee has no other or greater right than the bankrupt had." Re Moose River Lumber Co., 42 Am. B. R. 242; *Beacham* v. *Woodard,* 156 *Ga.* 294 (119 S. E. 523).

We are of the opinion that the court did not err in sustaining the demurrer. "The trustee takes the property of the bankrupt,

not as an innocent purchaser would, but as the debtor had it at the time of the petition, subject to all valid claims, liens and equities." Chattanooga National Bank v. Rome Iron Co., 4 Am. B. R. 441. It is alleged in this petition that Mrs. Lollie Livingston executed a security deed to her sister, Mrs. Mamie Livingston, with intent to delay and defraud creditors, and that this intention on the part of Mrs. Lollie Livingston was known to Mrs. Mamie Livingston; but there is no statement in the petition that the intestate of the defendant Edwards knew that that was the intention of either of the Mrs. Livingstons. The execution of the security deed was anterior to the rendition of the judgment. The intestate of the defendant in error, without knowledge of any defect or fraudulent intent, purchased from Mrs. Mamie Livingston the land described in the deed executed by the bankrupt to Mrs. Mamie Livingston, for the price of $7500, and paid that price in full. Under these circumstances he had a perfect equitable title, and equity would decree title to his administrator. "If one with notice sell to one without notice, the latter is protected; or if one without notice sell to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." This is a rule of long acceptation. None of the conveyances or contemplated conveyances mentioned in the petition can be termed to be voluntary, as that term is used in this connection. Ordinarily a voluntary conveyance is one that is without valuable consideration; and in the instances mentioned in the petition considerable sums of money were paid for the alleged bargains in each instance. The allegations do not bring the security deed given by Mrs. Lollie Livingston to Mrs. Mamie Livingston under paragraph 1 of § 3224 of the Civil Code (1910), (defining acts void as against creditors) which declares that "Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor or any person for him." The security deed in this case was not in trust for or for the benefit of creditors, but was a transaction purporting to secure a creditor for money stated in the petition to have been advanced or loaned to Mrs. Lollie Livingston. The statements of the petition do not bring the case within paragraph 2 of § 3224, although it is alleged that Mrs.

Mamie Livingston knew that the security deed was made with intention to delay or defraud creditors, because the purchase of the land by the intestate of the administrator was a bona fide transaction, on a valuable consideration, and without notice or reasonable ground for suspicion.

*Judgment affirmed. All the Justices concur.*