JOHN R. STERLING, plaintiff in error, *vs.* JAMES ARNOLD *et al.*, defendants in error.

1. This court will not control the discretion of the circuit court in granting a new trial on the ground that the verdict is against the weight of the evidence, unless that discretion has been abused, and where, in a claim case, the evidence is voluminous and conflicting, and yet the truth seems to be, as gathered from it all, that some of the property is subject, at least in part, to the execution, and the verdict is, "not subject" as to all the property, the court does not abuse that discretion by granting a new trial.

2. Where a guardian buys property with the funds of his ward, and takes the deed in his own name individually, he holds the title in trust for the ward; and where such property is levied on under an execution against the guardian, and is claimed by the ward by virtue of a deed made from the guardian to the ward, even after the lien of the judgment, the date of such deed will relate back to the purchase by the guardian, and the title of the ward is good against the judgment, if there be no fraud or collusion between guardian and ward, and if the evidence satisfies the jury that the ward's money paid for the property, and the judgment creditor did not credit on the faith of the property while the legal title was in the guardian.

3. If all the distributees of an estate, except the ward, have been settled with, and the guardian is the executor, and holds the balance of the estate for the ward, and uses the money of the estate, after settlement with the other distributees, in the purchase of such property, it is the same in effect as if he had used the money of the ward; but if such funds, so remaining on hand, be the shares both of the guardian and of the ward, left in the estate, then the title of the ward will be good only to the extent of his purchase money, or part of such balance, and the remaining part will be subject to the judgment against the guardian.

4. And if the original purchase of property be made with the ward's money, but the guardian has made valuable improvements with his own funds, thereby greatly enhancing the value thereof, to the extent of doubling or trebling its value, the legal title being in the guardian, the resulting trust

Sterling *vs.* Arnold *et al.*

for the benefit of the ward, attaches only to such *pro rata* interest as his purchase money, used by the guardian, gives him in the land, and the balance thereof is subject, in equity, to the judgment against the guardian.

5. Where, in a claim case, the facts make such a division of equitable title to property, and such a mixture of equitable rights therein, the pleadings should be so framed as to all the material facts of the case, and the verdict so moulded, as to subject the proper proportion of the property to the judgment against the guardian, and give the remainder to the ward; and the property should be sold if necessary, and the fund divided according to such proportion so authorized by the pleadings, and found by the verdict. The equitable rights of the parties may be thus reached in the claim case at law under the statutes of Georgia; or either party may go into a court of equity, if he see fit, to ascertain and secure such equitable rights: Code, sections 3082, 3095.

6. The sayings of the guardian, while he held the legal title to the land, and before suit against him, are admissible in behalf of the ward; *aliter*, if said after suit against him: 28 *Georgia*, 170.

7. The fact that claimant signs as security for defendants in *fi. fa.*, a forthcoming bond for the delivery of land in the event that the issue on an affidavit of illegality is determined against them, does not estop him from afterwards claiming the land as his property; but such bond may go to the jury to be weighed by them for what it is worth, as a circumstance to show collusion and fraud between the defendants and claimant.

8. Where clients reside out of the county where the case is prepared and tried, and took no part in its preparation or management, but left it all to counsel, and a motion is made for a new trial on the ground of newly discovered testimony within the county, it is not necessary that the clients should swear to want of knowledge or to the use of diligence in respect to such testimony; it is enough that counsel, so having entire control and management of the case, make the affidavit; and where the court below grants a new trial upon such evidence, material and not cumulative, and no want of diligence appears, this court will not interfere because counsel alone, and not clients too, have made the affidavit of want of knowledge and of diligence.

9. In a claim case, though one of the plaintiffs in *fi. fa.*, who are assignees of the judgment, be dead, and his administrators are made parties, the claimant is a competent witness in relation to facts disconnected with deceased and transpiring since his death.

Claim. New trial. Guardian and ward. Administrators and executors. Judgments. Levy and sale. Improvements. Equity. Pleadings. Evidence. Estoppel. Attorney and client. Witness. Before Judge BUCHANAN. Troup Superior Court. November Term, 1874.

This case is sufficiently reported in the head-notes and the opinion.

A. H. Cox; B. H. Hill & Son, for plaintiff in error.

Speer & Speer, for defendants.

Jackson, Judge.

In 1860, John Neal obtained a judgment against Whitmell L. Sterling for $2,500 00, which was transferred to Park and James Arnold. In 1867, execution therefrom was levied upon certain lands in Troup county. The lands were claimed by John R. Sterling. Subsequently Park Arnold died, and his administrators were made parties. The defendant, Whitmell L. Sterling, and the claimant, John R., were brothers. Whitmell was John's guardian, and the administrator on their father's estate. The jury found the lands not subject. The plaintiffs moved for a new trial. The court granted the new trial on four grounds, and the plaintiffs excepted.

The first ground for new trial on which the court granted it, is that the verdict is against the evidence and the charge of the court. It has been repeatedly ruled by this court that we will not control the discretion of the court below in granting a new trial on this ground unless his discretion has been abused, and that we will be more reluctant to interfere when he grants than when he refuses the new trial. We think, after carefully examining this voluminous record, that the court below has not abused his discretion. The charge was, that unless John's money bought the lands, the title being in the guardian, individually, it was subject. The impression made upon our minds is, that the verdict is right in part and wrong in part, and in the head-notes the legal principles applicable to the case, and which will guide the court and the parties in a subsequent trial, are as clearly laid down as we can make them appear. Some of the funds of the defendant, and some of the claimant's were, perhaps, used in the purchase and improvement of several of the items of

Sterling *vs.* Arnold *et al.*

property levied on and claimed; and, without the application of equitable principles to the case, it seems impossible to do complete justice. The pleadings may be so framed at law in this claim case as to present the issues fairly, and the jury may so mould a verdict as to do justice on principles of equity, or the parties, or either of them, may resort to equity, at their election.

The second ground is, that the court erred in admitting the sayings of defendant in favor of claimant; and on the motion, the court ruled that he did err in that regard, and granted the new trial on this ground. Whether he erred or not, we think, turns on the time when the defendant in *fi. fa.* made the admissions. If before suit against him, and while the formal title was in him, we think them admissable; if afterwards, inadmissible. Probably some were made before, others after; the record does not disclose the date of each admission; on the new hearing it can be fixed: 8 *Georgia,* 66; 20 *Ibid.,* 220, 240; 28 *Ibid.,* 170.

The third ground on which the new trial was granted is, that the court erred in ruling out the bond given by defendants for the forthcoming of these lands on an affidavit of illegality to this *fi. fa.,* whereon the claimant was their security. There was no necessity for a bond for the forthcoming of lands, and we think the suretyship of claimant thereon, does not estop him from claiming the lands afterwards, as seems to have been the idea of the court below. We think, however, the bond admissible as a circumstance, slight perhaps, but a circumstance going to show collusion between the defendant and claimant, and to be given such weight by the jury as they think it deserves.

The fourth ground is newly discovered evidence. From the affidavit, it seems that the claimant received from the defendant, his guardian, some thousands of dollars more than appeared on the trial, in property from one Cameron, who was indebted to defendant, and turned over the property to claimant by direction of defendant. One important question made on the trial was, the amount that the defendant owed claim-

ant as guardian, and the testimony is material in this view, nor is it cumulative, but to a new and independent fact.

The plaintiff in error complains that the parties plaintiff do not swear to the want of knowledge of this evidence, but we think it unnecessary as they lived out of the county, and had nothing to do with the preparation and management of the case, and the newly discovered evidence is in the county. In such a case, the oath of counsel as to diligence, and ignorance of the evidence at the trial is sufficient.

We think that the court erred against the claimant in not allowing him to testify in rebuttal of the evidence of Bingham and Ferrell, though Arnold, one of the plaintiffs, the assignees of the judgment, was dead, and his administrators parties. The deceased had no connection at all with the facts testified to by Bingham and Ferrell. They occurred after his death; at all events, he had no connection with them; the other transferree and plaintiff was living, and we think the reason of his exclusion as a witness ceases to exist in such a case.

On the whole, we will not interfere with the grant of the new trial. We think justice demands that it should be had; and that the pleadings be so framed, and the allegations on all material points be so distinctly made that the jury may be able to pass distinctly upon each item of property, whether subject or not subject, and in what proportion subject; or that either plaintiffs or claimant, at their option, may go into a court of equity and have their respective equities there settled. Under our statute that parties need not go into equity but may have equitable principles and relief given and applied at law, we do not see why the pleadings may not be so framed here as to do justice to all; but we think the case presents such issues as peculiarly are equitable, and we will not control either party from carrying the other into chancey regularly, if desired: Code, sections 3082, 3095.

Judgment affirmed.