Shewmake *et al. vs.* Johnson *et al.*

JOSEPH A. SHEWMAKE, administrator, *et al.*, plaintiffs in error, *vs.* NEWTON T. JOHNSON *et al.*, executors, defendants in error.

(JACKSON, Judge, having been of counsel, did not preside in this case.)

Where executors filed their bill for direction in the administration of their testator's estate, praying that the creditors be enjoined from proceeding to collect their debts, in the county of the residence of a debtor to the estate who had been garnished by the creditors, against whom no substantial relief was prayed, such residence did not give the superior court of that county jurisdiction.

Equity.    Jurisdiction.    Venue.    Before Judge HILL. Bibb County.    At Chambers.    June 9th, 1876.

Reported in the decision.

S. D. KILLEN; DUNCAN & MILLER; T. B. LOYD, for plaintiffs in error.

R. F. LYON; S. HALL, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants, as the executors of S. C. Bryan, late of the county of Macon, deceased, in the county of Bibb, against N. T. Johnson, garnishee, and others, one of whom was a judgment creditor of said Bryan, praying for directions as to how they should administer the estate of their testator under his will, in view of the alleged complicated condition of the assets belonging to the estate and the respective claims thereon, and also praying for an injunction to restrain the creditors of their testator from proceeding to collect their debts, especially the principal judgment creditor thereof. On hearing the application for the injunction prayed for, the chancellor overruled the defendants' demurrer to the jurisdiction of the court in the county of Bibb, and also overruled the defendants' demurrer to the bill for want of equity, and granted the injunction, whereupon the defendants excepted.

The only defendant residing in the county of Bibb, to give the court of that county jurisdiction, was N. T. Johnson, the garnishee, who was a mere stakeholder, and had no interest in the final distribution of the testator's estate under his will, or otherwise, and according to the theory of the complainants' bill, they were not entitled to the substantial relief prayed for as against him. The substantial relief which the complainants' bill seeks to obtain is against other parties defendant, who are not alleged to be residents of the county of Bibb, and therefore, the superior court of that county did not have jurisdiction of them to grant the relief prayed for, and the chancellor erred in overruling the defendants' demurrer to the jurisdiction of the court as to them. By the constitution, equity cases shall be tried in the county where a defendant

resides, against whom substantial relief is prayed.   The 4183d section of the Code declares that " All bills shall be· filed in the county of the residence of one of the defendants, against whom  substantial relief is  prayed, except in  cases of injunctions to stay pending proceedings, when the bill may be filed in the county where the proceedings are pending, provided no relief is prayed as to  the  matters *not* included in such litigation."   The principal and substantial relief prayed for in the complainants' bill is as to matters *not* included in the litigation pending in the county of Bibb, but relates to other matters, and the rights of other parties, outside of that litigation, having no necessary connection with it.   Inasmuch as the superior court of Bibb county had no jurisdiction to hear and decide the case as made by the complainants' bill, we express no opinion as to the merits of the question involved in it.

Let the judgment of the court below be reversed.