## FIRST NATIONAL BANK OF CORSICANA *v.* FLEMING & EDMONDSTON.

1. When in a claim case the plaintiff in execution offered an equitable amendment setting up that the claimant was estopped from denying that the property levied upon belonged to the defendant in execution, because the plaintiff in execution had rendered valuable services to the defendant in execution with reference to such property, which services were accepted by the claimant, but such amendment did not distinctly allege that the services were rendered with the knowledge of the claimant or that the plaintiff in execution acted upon the faith of any act or representation of the claimant which preceded the rendition of the services, there was no error in refusing to allow the amendment.

2. The evidence in the present case demanding a verdict for the claimant, the court erred in granting a new trial.

Argued January 27, — Decided March 24, 1898.

Attachment and claim.    Before Judge Norwood.    City court of Savannah.    July term, 1897.

*Mercer & Mercer*, for plaintiff in error.
*A. C. Wright*, contra.

SIMMONS, C. J.    This is a claim case, and has been tried three times in the court below.    The claimant prevailed in the first trial, and a new trial was granted generally.    The plaintiffs in attachment succeeded in the second trial, and the court granted another new trial upon general grounds.    Upon the third and last trial the claimant again prevailed.    The plaintiffs made a motion for a new trial, upon several grounds, and the trial judge granted a third new trial generally.    Claimant excepted to this grant of a third new trial, and brings the case here for review.    We have carefully read and considered the evidence in the case, and think that the court erred in granting a new trial upon any of the grounds in the motion.

1. One of the grounds of the motion was, that the court erred in refusing to allow plaintiffs to amend their pleadings by setting up that the claimant was estopped to assert its title as against the plaintiffs. The amendment offered was, in substance, that the claimant was estopped to deny that the property levied upon belonged to defendants in attachment, because plaintiffs had rendered valuable services to the defendants in reference to such property, which services were accepted by the claimant. The court rejected this amendment, and in so doing committed no error. It does not, in our opinion set out facts sufficient to create an estoppel. While it does allege "that Lea & Co. [the defendants], with full knowledge and consent of the claimant and by its authority, held themselves out to these plaintiffs as the owners of the oats, and in that capacity received the services of these plaintiffs as brokers to sell the same," and "that the claimant accepted the benefits of these plaintiffs' services so as aforesaid rendered, with full knowledge when so accepting them that plaintiffs had been employed as above set out by said A. H. Lea & Co., upon full faith in the representations of said Lea & Co. that they were the sole owners of the oats," it does not distinctly allege that the services were rendered with the knowledge of the claimant, or that the plaintiffs acted upon the faith of any act or representation of the claimant which preceded the rendition of the services. The allegations above quoted do not aver positively that the claimant had knowledge that plaintiffs were rendering the services, but simply that it had knowledge of the fact that Lea & Co. were holding themselves out as the owners of the oats. There is no allegation that there was any duty upon the claimant to inform the plaintiffs that it owned the oats, nor are the facts stated sufficient to raise such an obligation. It is not even alleged that the bank had or claimed title to the oats at the time the services were performed. Every allegation made in the amendment may be true, and yet the bank may not be debarred from setting up against the plaintiffs a title acquired from defendants. The services may have been rendered, with the knowledge of the claimant, at a time when it had no interest in the oats and before it acquired title thereto. If claimant

purchased the oats from Lea & Co. after the rendition of the services, even with knowledge of the services, it would not be estopped to set up its title as against the plaintiffs.  A broker who sells oats has, in this State, no lien for his services in selling.  The amendment offered did not set up facts which would create an estoppel, and the court did not err in refusing to allow it.  A new trial should, therefore, not have been granted upon this ground.

2. The motion for new trial also complained of the verdict, on the general grounds that it was contrary to law and the evidence and without evidence to support it, etc.  Instead of being contrary to law and the evidence, we think the verdict demanded by them.  The evidence showed that Lea & Co., who resided in Texas, purchased oats from farmers or dealers in that State and shipped them to other States for sale.  When Lea & Co. would purchase oats, they would pay for them by drafts upon claimant which the latter would honor.  When the oats were afterward sold, in car-load lots, to dealers in other States, they were shipped by Lea & Co., and the bills of lading made out in the name of the claimant.  Lea & Co. would draw upon the purchaser of the oats in favor of claimant, and claimant would attach the bill of lading to the draft.  In the present case the drafts were upon Hull & Co., and in favor of claimant, the bills of lading were attached, and the drafts and bills of lading were indorsed to the Southern Bank of the State of Georgia, at Savannah, for collection.  The plaintiffs were Lea & Co.'s brokers in Savannah, and they had made the sale of the oats to Hull & Co.  The oats had been paid for by claimant, and, with Lea & Co.'s consent, the bills of lading were made out to claimant and the drafts drawn in its favor.  The title to the oats was placed in the claimant and was in it when the attachment was levied.  If Lea & Co., under the arrangement made with claimant, ever had title to the oats, they had parted with it. The title was not in them but in the claimant at the time of the levy, and the law and the evidence demanded the verdict for the claimant.  The court should, therefore, have refused to grant a new trial upon the general grounds.

3. We do not deal in the headnotes with the grounds of the

motion alleging error in not charging sections 2960 and 2962 of the Civil Code. It appears that the court was requested to give these sections in charge, but that the requests were not made in writing as provided by the code. The sections in question relate to the rights of pawners and pawnees. They relate to nothing involved in this case, and, in the absence of a legal request to charge them, it was not error to omit them from the general charge.

A careful consideration of the whole case showing that the court should not have granted a new trial upon any of the grounds of the motion, it follows that the grant of a new trial upon such motion was error.

*Judgment reversed. All the Justices concurring.*