## FORD *v.* HOLLOWAY.

It was erroneous to reject an equitable amendment offered by the plaintiff in execution in a claim case, which set up that the deed on which the claimant relied was fraudulent and void ; that, even if not void, it was a mere security for a debt due by the defendant in execution ; that a sufficient amount had been collected by the claimant from rents to reimburse him ; and that, therefore, in equity the title was in the defendant in execution and subject to his debts.

Argued February 6, — Decided February 28, 1901.

Levy and claim.    Before Judge Felton.    Bibb superior court. May 22, 1900.

*Hardeman, Davis, Turner & Jones*, for plaintiff.
*M. G. Bayne*, contra.

Совв, J.    An execution in favor of J. W. Ford was levied on certain property as the property of Fred. Thomas, the defendant in the execution, and Sam. Holloway interposed a claim.    When the claim case came on to be tried, plaintiff in execution offered an amendment to his " tender of issue."   The substance of this amendment was as follows:  Fred. Thomas conveyed the property levied on to Sam. Holloway, the claimant, for the alleged consideration of a certain sum of money and the agreement by Holloway to pay certain amounts to a building and loan association due by Thomas. At the same time it was agreed that Holloway should reconvey the property to Thomas upon the repayment of the sums advanced for him; and petitioner alleges that the deed was not an absolute deed, but was given to secure Holloway in making the advancement and paying the amounts to the building and loan association. The deed was given for the purpose of hindering, delaying, and defrauding creditors, including the plaintiff in execution, and was therefore void in law.    The rents arising from the property have already fully reimbursed Holloway the entire amount expended by him, and the title to the property is therefore, in equity, now in Fred. Thomas, and subject to his debts.    Petitioner is insolvent, and is unable to tender Holloway the amounts advanced for Thomas.    The property is worth an amount greatly in excess of the sums paid by Holloway for Thomas.    The prayers of the amendment were, that Thomas be made a party ; that the deed from Thomas to Holloway be set aside and cancelled; that a receiver be

appointed to take charge of the property, sell it, and apply the proceeds to the discharge of the plaintiff's claim against Thomas, and to such other charges as the court may deem right in the premises. The court, upon objection being made by the claimant, refused to allow this amendment, and the plaintiff excepted.

It is contended on behalf of the defendant in error that the amendment was properly rejected, because it contained no equity, and because it sought to set up matters which were not properly involved in a claim case, in which the issue was whether the property was or was not subject to the execution. We think that neither of these positions is tenable. A claim is really an intervention authorized by statute in a proceeding to which the claimant is not a party, and therefore a claim case partakes of the nature of an equitable proceeding. *Williams* v. *Martin*, 7 *Ga.* 380; *Colquitt* v. *Thomas*, 8 *Ga.* 264. It follows that when the progress of an execution is stopped by a claim and the proceeding is converted into a quasi-equitable proceeding, either the plaintiff in execution or the claimant can, by way of amendment to the issue thus joined, introduce, in aid of their respective demands, any equitable matter germane to the issue, which is whether or not the property is subject to the execution. See *Cox* v. *Cox*, 48 *Ga.* 624; *Hardman* v. *Cooper*, 107 *Ga.* 51. It has never been doubted that under the claim laws the equitable rights of the parties could be reached, and the pleadings so framed as to give effect to those rights. *Sterling* v. *Arnold*, 54 *Ga.* 691 (5); *Shewmake* v. *Johnson*, 57 *Ga.* 75; *Green* v. *Mann*, 76 *Ga.* 246. In *Hughes* v. *Clark*, 67 *Ga.* 22, it was said that in a claim case, when all the parties were before the court, the claimant, in order to establish his title, could introduce equitable pleadings for the purpose of compelling specific performance of an agreement. It seems, therefore, that even before the passage of the procedure acts of 1885 and 1887, either party in a claim case could offer an equitable amendment which contained matter and asked for relief which was germane to the issue; though it was perhaps not admissible even for this purpose to make a third person a party to the case. See *Hall* v. *Spivey*, 65 *Ga.* 693. But we entertain no doubt that, since the passage of the acts mentioned, such an amendment is allowable, and that, when necessary, new parties may be brought in. The act of 1885 provided that any person desiring to obtain equitable relief in the superior court might in a

separate suit for that purpose, or in connection with a suit claiming only a common-law remedy, obtain such relief by framing proper pleadings for that purpose. Civil Code, § 4834. It was further provided by the act that any person claiming equitable relief might make necessary parties, and upon proper pleadings and sufficient evidence obtain the benefit of equitable remedies. Civil Code, § 4835. If any more explicit language was necessary, it was supplied by the act of 1887, which provided that the superior courts, "on the trial of any civil case," shall give effect to all the rights of the parties, legal or equitable, or both, and apply such legal or equitable remedies, or both, in favor of either party as the nature of the case required or allowed. Civil Code, § 4833. These acts have been construed by this court with the utmost liberality, and the manifest intention of the General Assembly, that all the remedies and relief to which the respective parties in any civil cause might be entitled should be applied and accorded in one action, has been given full effect. See *Georgia Iron Co.* v. *Etowah Iron Co.*, 104 *Ga.* 395, and cases cited.

It has since the passage of these acts been the uniform practice for the parties to claim cases to seek equitable remedies and relief by way of amendment in aid of their respective demands, and, so far as we are aware, the right to do so has never before been questioned. See *Bank* v. *Fleming*, 103 *Ga.* 722, where equitable estoppel was invoked by the plaintiff in execution; *Mortgage Co.* v. *Brown*, 105 *Ga.* 474; *Bank* v. *Carver*, 111 *Ga.* 876. It is true that the plaintiff in execution in the present case needed no equitable amendment to attack as fraudulent and void the deed made to the claimant by the defendant in execution. *Cowart* v. *Epstein*, 101 *Ga.* 4. But he certainly could not, without such an amendment, have that deed delivered up and cancelled, and have adjudicated the other equitable matters set up in the amendment, that, the claimant having become reimbursed out of the rents, the title conveyed by the deed, which was a mere security, was in equity in the defendant in execution and subject to his debts. The plaintiff in execution in a claim case may bring an independent equitable petition in aid of his levy, and set up therein any matter which would make the enforcement of his execution legal and proper. And he can likewise offer an amendment in the claim case and set up any matter which is germane to the issue, or which

tends to show that the property is subject to the execution.   In the present case the plaintiff needed no receiver to enforce his rights, and the rights of Holloway and Thomas as between themselves could not be in this proceeding directly drawn in question; but the circumstance that the plaintiff prayed for too much will not operate to turn him out of court.   *Kupferman* v. *McGehee,* 63 *Ga.* 250, 260.

*Judgment reversed.   All the Justices concurring, except Simmons, C. J., absent.*