## DAVIE, trustee, *v.* TANNER *et al.*

1. The stipulation in a deed of conveyance by a debtor to his creditor, that "It is understood that should the said grantee depart this life before the grantor, then the above-described property is to revert back to the said grantor and become his property as if this deed had not been made," did not render the deed void because repugnant to paragraph 1 of section 3224 of the Civil Code, declaring void as to creditors a transfer, by a debtor insolvent at the time, of property to any one for the benefit of creditors, where any trust or benefit is reserved to the grantor or assignor.

2. The court did not err in charging the jury that the plaintiff assumed the burden of proof, where, subsequently in his charge on the subject of transactions between husband and wife, he charged in the language of the code, that "when a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair."

3. It is not made to appear how the plaintiff was injured by permitting a witness to state, in answer to a question propounded on cross-examination, that he did not as trustee of the bankrupt have anything in hand to pay the fees of the trustee, the referee, and the attorney. If the evidence was irrelevant, it was not hurtful.

4. The admission in evidence of the testimony of the grantee in the deed under attack, that the grantor, the husband of the witness, had told her what he owed at the time the deed was executed, she testifying, "I know what he told me he was owing, and I believe he told me the truth," could not have injured the plaintiff, so far as the ground of the motion itself shows; for it does not there appear that the husband stated the amount of his indebtedness.

5. It was not error, over the objection that the answer of the witness stated a mere conclusion, to allow the grantor in the deed under attack to state that it was made in good faith.

6. There was evidence authorizing the verdict.

No. 2015.   DECEMBER 18, 1920.

Equitable petition.   Before Judge Park.   Morgan superior court. March 1, 1920.

F. T. Davie, trustee in bankruptcy, brought a petition against John W. Tanner, the bankrupt, and his wife, Nancy I. Tanner, and prayed that a certain deed executed on October 1, 1914, by Tanner to his wife be canceled and the title to the property conveyed therein be decreed to be in petitioner. It was alleged that the deed was fraudulent and was executed by the grantor at a time when he was insolvent, for the purpose of hindering, delaying, and defrauding creditors; and that it was without consideration, and was voluntary in its character. Each of the defendants filed a plea and answer denying the charge of fraudulent

intent in the execution of the deed, denying that the conveyance was a voluntary deed, and alleging that at the time of the conveyance John W. Tanner was indebted to his wife, and the deed of conveyance was made in payment of this debt. Upon the trial of the case the jury returned a verdict for the defendants; and the plaintiff's motion for a new trial was overruled.

*C. N. Davie, A. G. Foster, W. J. Phillips,* and *Boyd Sloan,* for plaintiff.

*E. R. Lambert* and *J. G. Collins,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. Movant insists that the court should have given in charge to the jury the law contained in paragraph 1 of section 3224 of the Civil Code, which declares that " Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor or any person for him, shall be fraudulent in law against creditors and others, and as to them null and void." The court charged the law contained in paragraphs 2 and 3 of section 3224. Paragraph 1 was not applicable to the facts and issues in this case, and the court properly omitted the same from his charge. The deed from John W. Tanner to his wife contains the usual habendum and warranty clauses found in deeds conveying a fee-simple estate, but after a description of the property conveyed there is the following stipulation: " It is understood, however, that should the said Nancy I. Tanner [the grantee] depart this life before the grantor, the said John W. Tanner, then the above-described property is to revert back to the said John W. Tanner and become his property as if this deed had not been made." And it is upon the insertion of this stipulation in the conveyance that the plaintiff in error bases his contention that paragraph 1 of section 3224 should have been given in charge. The position is not a sound one. In the first place, this is not a transfer of property to any person " in trust or for the benefit of, or in behalf of, creditors." And in the second place, there was no " trust or benefit " reserved to the grantor, or any person for him. In the case of *Lay* v. *Seago,* 47 *Ga.* 82, it was held: "A deed to land given by an insolvent debtor to a creditor in trust to secure the payment of his debt, which deed

provides that if the debt is not paid in four months the creditor may sell the land at public outcry, and reimburse himself out of the proceeds for his debt, cost, and expenses, and that he is 'to pay the balance, if any there is,' to the grantor, is not, on account of such provision for payment of the balance, void under section 1942 of the Code [now section 3224]. The law would give that direction to the balance without the provision." And in the opinion it was said: "The grantee in the case before us is to reserve nothing for the benefit of the grantor, but after paying his own debt returns the surplus where the whole originally was, subject, as the whole was, to the demands of the grantor's creditors. In short, we understand the statute to mean that there shall be no attempt by the assignment or transfer to cover up any portion of the debtor's property in trust for him, or in any way for his benefit, or of any other favored creditor, so that it may not be reached by his other creditors, should they elect to pursue it for the payment of their own claims. Our judgment is, that the second exception to the master's report is not well taken." The effect of the stipulation in the deed in the present case is, not that the grantee should return the property to the grantor, but, in the case of the grantee's death prior to the death of the grantor, the property should revert to the grantor; and, reverting to him if the contingency provided should happen, it would be for the benefit of all his creditors; and there was no attempt on the part of the grantor, in making the stipulation in the deed, to cover up any portion of his property in trust for himself or in any way for his benefit, or of any favored creditor, so that it might not be reached by his other creditors upon the happening of the contingency that would cause a reversion.

2. The court charged the jury in part as follows: "The plaintiff in this case has assumed the burden of proof. And when I say to you that the plaintiff has assumed the burden of proof, you will take into consideration the law that I will hereafter give you in charge as to where the burden of proof lies upon certain issues involved in the trial of this case." This charge is challenged on the ground that the plaintiff did not assume the burden of proof in the case at all, except by first introducing testimony; and further, that in passing upon transactions between the husband and wife, like the one charged in the present case, which is

attacked for fraud, the burden is upon the husband and wife to show that the same was fair, and that the husband was solvent at the time of the alleged conveyance. The charge may have been inaccurate in stating that "the plaintiff assumes the burden of proof," but this was in effect a statement to the jury that the burden of proof in the case rested upon the plaintiff; and this was not erroneous. The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential (Civil Code, § 5746), and so to instruct the jury as to the case generally was proper. It will be observed that the court added, after charging that the burden of proof was upon the plaintiff, that the jury should take into consideration instructions afterwards to be given as to where the burden of proof rested as to certain issues involved in the case; and the court did thereafter in the course of his charge instruct the jury in the language of section 3011 of the Civil Code, relating to transactions between husband and wife, which declares that "when a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair." Taking into consideration the entire charge on the subject of the burden of proof, the exception to the charge as given is without merit.

3-5. The rulings made in headnotes 3, 4, and 5 require no elaboration.

6. There was evidence authorizing the verdict.

*Judgment affirmed. All the Justices concur.*