AYER *et al. v.* FIRST NATIONAL BANK AND TRUST COMPANY IN MACON, executor.

No. 11355. JULY 14, 1936.

*Louis L. Brown* and *Louis L. Brown Jr.,* for plaintiffs in error. *Jones, Johnston, Russell & Sparks,* contra.

Atkinson and Gilbert, JJ., being disqualified, Judges Franklin and Grice were designated for this case.

GRICE, Judge. On February 1, 1927, Mrs. M. C. Flournoy obtained from Mrs. Louise M. Juhan a loan of $3,000, executing therefor her note due three years after date, and securing this indebtedness by a deed conveying a house and lot in Macon. When this indebtedness became due, it was by agreement extended for three additional years, making it become due February 1, 1933. Mrs. Juhan died in June, 1932, several months before this debt matured, and the First National Bank and Trust Company of Macon qualified as the executor of her estate. Afterward Mrs. Flournoy, being advised that her debt would soon mature and that payment of it would be required, sought to induce the executor to accept the Macon property conveyed by the security deed in full settlement of the debt secured, although she contended that the property was worth $5,000 or $6,000. The executor declined to do this, and so advised Mrs. Flournoy. The debt not being paid, the executor filed suit on it in Peach superior court at the April term, 1934, and obtained judgment on October 2, 1934. Afterward the executor had its fi. fa. levied on the Macon property of the debtor, which was duly sold by the sheriff, bringing an insufficient sum to pay the judgment. After this was done, the fi. fa. was levied on additional property as that of Mrs. Flournoy. Mrs. A. L. Ayer filed her claim based on a conveyance by warranty deed from Mrs. M. C. Flournoy to Mrs. A. L. Ayer, dated

January 16, 1933, which deed conveyed all the property that Mrs. Flournoy then owned, except the Macon property hereinbefore mentioned. When the claim case came on for trial, the executor filed a petition in equity in aid of its levy, to which petition the defendant (claimant) filed an answer. The executor contended that the deed from Mrs. Flournoy to Mrs. Ayer (the only source from which Mrs. Ayer claimed title) was void as against the plaintiff, for the reasons: (a) That at the time of the execution of this deed Mrs. Flournoy was insolvent, and the deed contained a reservation of a trust or benefit to the grantor, in violation of the Code of 1933, § 28-201(1), that "Every assignment or transfer by a debtor, insolvent at the time, of real or personal property, or choses in action of any description, to any person, either in trust or for the benefit of, or in behalf of, creditors, where any trust or benefit is reserved to the assignor or any person for him." (b) That this deed was made for the purpose of hindering, delaying, or defrauding creditors, and this intention of Mrs. Flournoy was known to the grantee, Mrs. Ayer, at the time of conveyance, and was forbidden by the Code of 1933, § 26-201(2), as follows: "Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." (c) That the conveyance was voluntary, and was without any consideration whatsoever to the grantor, and that it left Mrs. Flournoy wholly insolvent and without sufficient property with which to pay her debts, and was forbidden by the Code, § 28-201(3), as follows: "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance."

The claimant contended that the conveyance was an absolute sale which did not render the debtor insolvent, that nothing was reserved thereby to Mrs. Flournoy or to any person for her, and that the conveyance was a bona fide sale and for a valuable consideration, to wit: that the grantee would, from the date of the conveyance to the death of the grantor, take care of, support, and provide for the grantor, which the claimant contended had been satisfactorily carried out up to the time of the trial; that this was

not done to hinder, delay, or defraud creditors; and while it was a conveyance of all of the property owned by the grantor except the Macon property, both the grantor and grantee honestly thought at the time that the Macon property was sufficient with which to pay the plaintiff its claim in full. The issue thus made was tried twice, the jury each time rendering a verdict for the claimant; and new trials were granted. When the case came on for trial for the third time, after evidence had been introduced on both sides, the judge directed a verdict in favor of the plaintiff, finding that the property levied on was subject to the fi. fa., and that the deed of conveyance from Mrs. Flournoy to Mrs. Ayer was null and void. To this direction the claimant excepted.

■ A conveyance of property for the sole consideration of a promise by the grantee to provide for and furnish to the grantor for the remainder of her life the necessities of life, such as lodging, food, clothing, and medical expenses, is not a voluntary conveyance, but is one for a valuable consideration. "A valuable consideration is founded on money, or something convertible into money, or having a value in money, except marriage which is a valuable consideration." Code, § 20-303. "The consideration for a contract may consist in a promise that an agreed beneficial thing shall afterwards be done for the maker." *Bing* v. *Bank of Kingston,* 5 *Ga. App.* 578 (2) (63 S. E. 652).

Where property is conveyed for the consideration that the grantee will support and maintain for life the grantor, the failure of the grantee to carry out this agreement to support the grantor will not of itself cancel the title; though, if the facts authorize it, an equitable action for rescission might lie. The ordinary remedy in such a case would be an action for the value of the support promised. *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172) ; *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85). It being undisputed in this case that the consideration promised had for several months been paid, it clearly appears that this was not a voluntary conveyance but one for value.

■ Since it appears that in this conveyance from Mrs. Flournoy to Mrs. Ayer there was no "trust or benefit," reserved to Mrs. Flournoy or any one for her, except the payment of the consideration promised, that is, the support and maintenance of her by Mrs. Ayer, this would not bring this conveyance within sec-

tion 28-201(1) of the Code, but Mrs. Flournoy is only a creditor of Mrs. Ayer, by this transaction. Whether this conveyance from Mrs. Flournoy to Mrs. Ayer was made with the intention of Mrs. Flournoy to hinder, delay, or defraud creditors, including the plaintiff, and, if so, whether this intention was at the time of the conveyance known to Mrs. Ayer, was, under all the facts and circumstances of the case as disclosed in the trial, a question for the jury to determine, and not for the court. We are constrained to hold that the judge erred in directing the verdict finding the property subject to the fi. fa., and directing that the deed of conveyance be canceled. Even if the deed was voluntary, since the defendant denied that the conveyance left her insolvent and with an insufficient amount of property at that time to pay her debts, and introduced evidence to support this contention, then that issue of fact would have been alone sufficient to carry the case to the jury. "A verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed. The decision of every issue of fact is exclusively for the jury." *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209). The judge erred in taking from the jury the decision on these disputed issues, and the case is remanded for another trial.

*Judgment reversed. Chief Justice Russell, Justices Beck, Bell, and Hutcheson, and Judges Franklin and Grice concur.*