## JOHNSON *v.* SHERRER *et al.*

No. 12023.   JANUARY 12, 1938.

*Ficklen & Pilcher* and *J. Cecil Davis*, for plaintiff.

*J. Q. West* and *C. E. Sutton*, for defendants.

BELL, Justice. Bob P. Johnson sued out an attachment against H. F. Sherrer. This attachment was levied on stated undivided interests in several tracts of land, as the property of the defendant in attachment, it being recited in the entry of levy that the defendant was in possession. A claim to the land was filed by C. J. Sherrer, a brother of the defendant in attachment. After verdict for the claimant, the plaintiff in attachment filed a motion for a new trial, which was overruled, and he excepted. The motion contained the general grounds and six special grounds. A detailed statement of the several grounds is considered unnecessary, the questions raised being sufficiently indicated in the following opinion.

"The court is not bound to charge in the exact language of a request; and a new trial will not be granted because of a refusal to charge as requested, when the charge given substantially covers

the request. *Battle* v. *State,* 105 *Ga.* 705 [32 S. E. 160]." *Southern Railway Co.* v. *Reynolds,* 126 *Ga.* 657 (55 S. E. 1039); *Southern Cotton-Oil Co.* v. *Skipper,* 125 *Ga.* 368 (3) (54 S. E. 110); *Millen & Southwestern Railroad Co.* v. *Allen,* 130 *Ga.* 656 (4) (61 S. E. 541). In one ground the movant complained of the court's refusal of a requested instruction, because "the requested charge put the burden on the claimant to show the bona fides of the transaction after badges of fraud had been shown, and the court omitted this, and failed to charge the complete request, after being requested to do so in writing." There is no merit in this contention. Whether or not the burden rested on the claimant in the circumstances here stated, the charge as given allowed the movant the benefit of that theory as fully as did the requested charge, the court having actually instructed the jury, substantially in the language of the request, that possession remaining with the grantor after the execution of the deed would be prima facie evidence of fraud, and that "all transactions between near relatives are to be scanned with care, but it is for the jury to determine from the evidence whether or not badges of fraud have been shown which call for rebuttal or explanation."

■ The plaintiff in attachment having filed an amendment in aid of the levy, alleging that the deed from the defendant to his brother, the claimant, was made with intent to defraud the plaintiff as a creditor, and that such intention was known to the grantee, the court did not err in charging the jury that the burden was on the plaintiff in attachment to prove the invalidity of the deed, as alleged in such amendment; and this is true notwithstanding the general burden of proof was on the claimant, and was assumed by him, because the entry of levy showed that the defendant in attachment was in possession of the property at the time of such levy. Code, § 39-904; *Richardson* v. *Subers,* 82 *Ga.* 427 (2) (9 S. E. 172); *Stewart* v. *Mynatt,* 135 *Ga.* 637 (2) (70 S. E. 325); *Milledgeville Cotton Co.* v. *Bacon,* 138 *Ga.* 470 (3) (75 S. E. 604); *Strickland* v. *Davis,* 184 *Ga.* 76 (190 S. E. 586).

Nor was the charge erroneous because the court did not in the same connection instruct the jury that slight evidence of fraud would be sufficient to shift the burden to the claimant and to authorize the cancellation where the claimant (the grantee) did not show that the transaction was fair and free from fraud. "It was

not error that the presiding judge did not take up the particular points of contest made by the testimony, and charge in regard to the shifting of the burden of evidence as to such points. If such a charge on a particular point as to which evidence was introduced would have been appropriate, a request therefor should have been duly made." *Hawkins* v. *Davie,* 136 *Ga.* 550 (71 S. E. 873). Furthermore "a complete, accurate, and pertinent instruction is not within itself erroneous because it fails to embrace an instruction which would be appropriate in connection with the instruction given." *Peeples* v. *Rudulph,* 153 *Ga.* 17 (2) (111 S. E. 548).

■ It appeared from the evidence that the deed was made to settle or secure a pre-existing debt owed by the grantor to the claimant, and there was some evidence that the deed was made with the understanding that if the grantor paid the debt "he could get his land back." The court charged the jury that if the deed from the defendant to his brother, the claimant, "was a bona fide transaction, and without any intention upon the part of the grantor at the time of making the conveyance to hinder, or delay, or defraud creditors," then such conveyance would be good and could not be canceled. This charge was not erroneous on the ground that, regardless of good faith, the deed would be void if it left the grantor insolvent or if he reserved a benefit in the property. This is true for the following reasons: (*a*) The rule that a voluntary deed is void as to creditors if the grantor is insolvent at the time or is left insolvent by such conveyance has no application where the deed is made for the purpose of preferring one creditor over another in good faith, as may be done under the Code, § 28-301. *Bank of Waynesboro* v. *Ellison,* 162 *Ga.* 657 (3) (134 S. E. 751); *Silver* v. *Chapman,* 163 *Ga.* 604 (3) (136 S. E. 914). Indeed, a conveyance made in good faith for such purpose is not a "voluntary deed or conveyance" within the meaning of the Code, § 28-201, par. 3. (*b*) The fact that the grantor may have executed the deed to the claimant with the understanding that if he paid his indebtedness to the claimant "he could get his land back" was not such a reservation of benefit in the grantor as would invalidate the conveyance under the Code, § 28-201, par. 1. *Lay* v. *Seago,* 47 *Ga.* 82; *Davie* v. *Tanner,* 150 *Ga.* 770 (105 S. E. 355). Furthermore, this deed did not purport to be an assignment or transfer within the meaning of that section. See Code, § 28-301;

*Solomon* v. *Sparks,* 27 *Ga.* 385; *Jones* v. *Edwards,* 177 *Ga.* 723 (4) (171 S. E. 285).

■ The rulings stated above relate directly to grounds 1, 2, 3, and 4 of the amendment to the motion for a new trial, and control in principle grounds 5 and 6. Under the principles thus ruled, there was no merit in any of these grounds.

■ The evidence authorized the verdict for the claimant. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*