AVARY, executor, *v.* AVARY.

No. 15672.   January 8, 1947.   Rehearing denied February 7, 1947.

*James A. Branch* and *Thomas B. Branch Jr.,* for plaintiff.
*William F. Buchanan* and *Mrs. Mary P. Nelson,* for defendant.
CANDLER, Justice. (After stating the foregoing facts.) This case arose by a statutory claim for land. The plaintiff in fi. fa., by a

petition in aid of his levy, converted it into an equitable proceeding to cancel a number of deeds from the defendant in fi. fa. to the claimant, one of which was for the land under levy. The claimant by response to the petition, which he afterwards amended, sought to prevent cancellation by showing: (1) that the execution which had been levied and the judgment on which it issued were void; and (2) that he was a bona fide purchaser for a valuable consideration of all the property conveyed by the deeds sought to be canceled prior to the judgment against his grantor. He prayed that the property under levy be held not subject to the execution, and that all of the deeds to him be decreed valid conveyances, and not made for the purpose of hindering, delaying, or defrauding creditors.

■ We shall first consider the attack made upon the validity of the execution and the judgment on which it issued. The court overruled demurrers which challenged the sufficiency of the attack, and exceptions were taken thereto. It is well settled that a judgment will not be reversed for harmless error. *Holcombe* v. *Jones,* 197 *Ga.* 825 (30 S. E. 2d, 903). "Legal error is a compound of both error and injury." *Harrison* v. *Hester,* 160 *Ga.* 865 (129 S. E. 528). To obtain a reversal of the judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error but injury. *First National Bank of Chattanooga* v. *American Sugar Refining Co.,* 120 *Ga.* 717 (48 S. E. 326); *Jacobs* v. *Rittenbaum,* 193 *Ga.* 838 (20 S. E. 2d, 425).

Assuming, but not holding, that the demurrers were well founded, what injury did the plaintiff in error suffer by the refusal to sustain his demurrers? A careful examination of the entire record in this case clearly shows that the claimant, on the trial, voluntarily abandoned this contention by failing to introduce evidence in support thereof, and the court in its charge to the jury did not submit that issue for determination. Consequently that theory of the claimant's case was as effectively eliminated as if the demurrers had been sustained.

In *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (4) (173 S. E. 135) this court said: "If for any reason the court erred in overruling the defendant's demurrer filed on June 22, 1932, to the amendment offered by the plaintiff to the original petition, a careful review of the entire record in this case clearly shows that the

error was harmless, for the error was cured by the court in its charge to the jury restricting them to a finding upon five distinct issues properly within the pleadings and the evidence. The verdict in favor of the defendant, in view of the nature of the defendant's evidence in support of its cross-action, shows that the defendant's cause could not have been prejudiced. So far as the ultimate effect upon the trial is concerned, an objectionable feature in the pleadings can be as effectually removed by the charge of the court as by sustaining a demurrer thereto. The court's failure to sustain a demurrer, even though the demurrer be well founded, is not an error which affords just ground for complaint if the charge of the judge to the jury accomplishes the end sought to be accomplished by demurrer."

The claimant, on the trial of the case, having voluntarily abandoned the attack upon the validity of the execution and judgment, and the court not submitting that issue in its charge, the ultimate result was the same as if the demurrers had been sustained in the first instance, and hence no injury to the plaintiff in error could possibly have resulted from the error complained of. The exception is therefore without merit.

■ "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Code, § 37-105. A claim is really an intervention authorized by statute in a proceeding to which the claimant is not a party, and therefore a claim case partakes of the nature of an equitable proceeding. *Ford* v. *Holloway*, 112 *Ga.* 851 (38 S. E. 373). It has never been doubted that under the claim laws the equitable rights of the parties could be reached, and the pleadings so framed as to give effect to those rights. *Sterling* v. *Arnold*, 54 *Ga.* 690, 691 (5); *Shewmake* v. *Johnson*, 57 *Ga.* 75; *Green* v. *Mann*, 76 *Ga.* 246; *Ford* v. *Holloway*, supra. The plaintiff in error contends that, when he voluntarily dismissed the petition in aid of his levy, the court was then without jurisdiction to grant the relief prayed by the claimant. We can not agree with this. Under the Uniform Procedure Act of 1887 (Code, § 37-901), "The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or

relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." The issue to be determined in a claim case is whether or not the property under levy is subject to the execution. By his pleadings the claimant prays that the court adjudicate the property under levy not subject to the execution, and that other property acquired by him at the same time from the defendant in fi. fa. likewise be decreed not subject thereto. The additional relief prayed by the claimant being germane to the issue, the court, having the parties rightfully before it and having jurisdiction of the subject-matter, was fully authorized to adjudicate the entire controversy between the parties. It is the policy of the law, when possible, to avoid a multiplicity of suits. See Code, § 37-1501 (2).

■ We deal next with the contention that the deeds in question passed no title to the lands described therein, since the grantor had previously made a will devising the same property to the minor children of the grantee; and being based upon a consideration, the will was irrevocable. As authority for this contention counsel for the plaintiff in error cites *Lowe* v. *Bryant,* 30 *Ga.* 528 (76 Am. D. 673), and *McCardle* v. *Kennedy,* 92 *Ga.* 198 (1) (17 S. E. 1001, 44 Am. St. R. 85). Nothing ruled in those cases, however, is authority for the position here taken. Both cases differ on their facts from the instant case. In the *Lowe* case, this court held that, where a will is made upon a valuable consideration furnished by the beneficiary, the contract to do so becomes executed, and the will may not be changed by codicil or otherwise without the consent of the beneficiary. The *McCardle* case did not involve a will but a deed. This court held in that case that, where a deed is made upon the consideration of a promise and undertaking to care for and support the grantor, the mere fact that the grantee fails to perform the covenant does not alone authorize the grantor to declare the deed void and convey the property to another for a like consideration. In the case at bar, the two beneficiaries named in the will of Dr. Avary were complete strangers to the contract wherein he agreed to make it. They furnished no part of the consideration moving its execution. They had rendered the testator no services prior to the making of the will, and the contract between their father and Dr. Avary did not contemplate that they were to do so in the future. Under such circumstances did Dr. Avary and their father have a

right to modify the contract between them without the consent of the beneficiaries named in the will? We think so. We are unable to find a case where this court has dealt with a question exactly in point. However, there is a general rule of force in this State that a contract which bestows benefits upon a stranger thereto may not be enforced by the latter. Code, § 3-108; *Sterling* v. *Sterling,* 12 *Ga.* 201; *Gunter* v. *Mooney,* 72 *Ga.* 205; *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414) ; *Ragan* v. *National City Bank of Rome,* 177 *Ga.* 686 (170 S. E. 889). In the *Sterling* case, it was said: "The doctrine is thus stated by Judge Story: 'Uses or trusts, to be raised by any covenant or agreement of a party in equity, must be founded on some meritorious or some valuable consideration; for courts of equity will not enforce a mere gratuitous gift (donum gratuitum) or a mere obligation. Hence it is, that if there be a mere voluntary executory trust created, courts of equity will not enforce it. And upon the same ground, if two persons, for a valuable consideration, . . covenant to do some act for the benefit of a third person, who is a mere stranger to the consideration, he can not enforce the covenant against the two, although each one might enforce it against the other." In the *Gunter* case it was held: "A woman and another entered into a written contract on July 15, 1862, whereby the other party was to take the son of the woman, feed and clothe him, and give him a common-school education, and a horse, bridle, and saddle when he became twenty-one years of age; the son became of age in December, 1874, and brought suit in 1880, alleging a breach of the covenant, in that the person so agreeing had failed to give him a common-school education: *Held,* that the plaintiff could not maintain an action of covenant on the agreement set out, he not being a party or privy to the same, but a mere stranger, and the case was properly dismissed on demurrer." In the *Shropshire* case, it was said: "In England it is held, subject to the exceptions hereafter stated, that where two persons make a contract in which one of them promises to confer benefits upon a third party, the latter can not sue upon the contract, at law or in equity, for the money or other benefit which it is promised that he shall receive. . . In this State the English rule, in effect, was adopted in our first Civil Code (1863), § 3181, which section has appeared in all of our subsequent Codes, and is now embodied in the Civil Code of 1910, § 5516 [Code 1933, § 3-108],

which is: 'As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent.'" For the right to exist in a beneficiary to maintain in his own name an action on the contract between other parties, in which contract some benefit was supposed to be given to him, one of three possible situations must exist: (a) he must have been a party to the contract or in privity; or (b) a trust must have been created for him under the contract; or (c) his relation or status must have been changed. *Waxelbaum* v. *Waxelbaum*, 54 *Ga. App.* 823, 825 (189 S. E. 283); *First National Bank & Trust Co.* v. *Roberts*, 187 *Ga.* 472 (2) (1 S. E. 2d, 12). Obviously, had there been a breach of the contract between Dr. Avary and the father of the beneficiaries, the beneficiaries could not have enforced it under the general rule of force in this State or the exceptions thereto. As strangers to the contract, they had no vested rights under it, and in these circumstances we hold that the parties thereto had the right to modify or change it at will and without the consent of the beneficiaries; and such parties having elected to do so, the plaintiff in execution, who occupies the position only of a creditor, will not be heard to complain.

■ It is well-settled law in this State that any assignment or transfer by a debtor, insolvent at the time or rendered so thereby, of any kind or character of property, to any person, either in trust or for the benefit of, or in behalf of, creditors, when any trust or benefit is reserved by the assignor, is fraudulent and void as to creditors. Code, § 28-201 (1); *Edwards* v. *Stinson*, 59 *Ga.* 443; *Mitchell* v. *Stetson*, 64 *Ga.* 442; *Park* v. *Battey*, 80 *Ga.* 353 (5 S. E. 492); *Coleman & Burden Co.* v. *Rice*, 115 *Ga.* 510 (2) (42 S. E. 5); *Dwight* v. *First National Bank of Reynolds*, 159 *Ga.* 188 (125 S. E. 62); *McKenzie* v. *Thomas*, 118 *Ga.* 728 (45 S. E. 610). The deeds here involved are not assignments or transfers from a debtor to prefer one of his creditors. True it is, each of the deeds reserves a life estate in the grantor, and it is on this reservation the plaintiff in error bases his contention that paragraph 1 of section 28-201 is applicable, and the deeds therefore fraudulent and void as to creditors, and especially as to the estate which he represents as executor. The position is not a sound one. In the first place,

this is not a transfer of property to any person "in trust or for the benefit of, or in behalf of, creditors." In the second place, there was no "trust or benefit" reserved in the property conveyed to the grantor or to any one for him. *Lay* v. *Seago,* 47 *Ga.* 82; *Davie* v. *Tanner,* 150 *Ga.* 770 (105 S. E. 355); *Johnson* v. *Sherrer,* 185 *Ga.* 340, 342 (195 S. E. 149). In the *Lay* case, this court·said: "The grantee in the case before us is to reserve nothing for the benefit of the grantor, but after paying his own debt returns the surplus where the whole originally was, subject, as the whole was, to the demands of the grantor's creditors. In short, we understand the statute to mean that there shall be no attempt by the assignment or transfer to cover up any portion of the debtor's property in trust for him, or in any way for his benefit, or of any favored creditor, so that it may not be reached by his creditors, should they elect to pursue it for the payment of their own claims." In the case before us, the grantor has by his deeds, but not to a creditor, reserved for himself a life estate in the property conveyed, which is of course subject to levy and sale, but in the estate actually conveyed has retained no trust or benefit for himself or any one for him. The deeds are, therefore, not assignments or transfers within the meaning of the Code, § 28-201 (1), and a refusal to charge this section, requested in writing, was not error.

Where a sale, other than between husband and wife, is attacked as in contravention of the Code, § 28-201 (2), as having been made to hinder, delay, or defraud creditors, it is necessary to show that the grantor had such intention in making the sale, and that the same was known to the grantee or the circumstances were sufficient to put him on inquiry. *Webb-Crawford Co.* v. *Bozeman,* 178 *Ga.* 328 (1) (173 S. E. 144); *Cunningham* v. *Avakian,* 187 *Ga.* 575 (1 S. E. 2d, 433); *Owen* v. *S. P. Richards Paper Co.,* 188 *Ga.* 258 (3 S. E. 2d, 660). The plaintiff in fi. fa. offered no evidence in support of the contention here made that the conveyances from Dr. Avary to the claimant were for the purpose of hindering, delaying, or defrauding creditors. Without objection, the claimant testified that the grantor represented to him at the time the deeds were made that the grantor owed no debts, and that he (claimant) knew of none, and the record discloses no circumstances which would be sufficient to have put him on inquiry. The jury was fully authorized to find as it did with reference to this issue.

Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance shall be fraudulent in law against creditors and others, and as to them null and void. Code, § 28-201 (3). It is urged that the conveyances here involved should be delivered up and canceled for this reason. The deeds recited a consideration of "$5 and love and affection." On their face they were not voluntary conveyances. *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279) ; *Pierce* v. *Bemis,* 120 *Ga.* 536 (48 S. E. 128) ; *Shackelford* v. *Orris,* 135 *Ga.* 29 (2) (68 S. E. 838) ; *Morris* v. *Mobley,* 171 *Ga.* 224 (7) (155 S. E. 8) ; *Glenn* v. *Tankersley,* 187 *Ga.* 129 (4) (200 S. E. 709) ; *Coleman* v. *Durden,* 193 *Ga.* 76 (17 S. E. 2d, 176) ; *Lifsey* v. *Mims,* 193 *Ga.* 780 (4) (20 S. E. 2d, 32) ; *Bussell* v. *Glenn,* 197 *Ga.* 816, 817 (2) (30 S. E. 2d, 617). However, the consideration of a deed may always be inquired into when the principles of justice require it. Code, § 29-101; *Martin* v. *White,* supra. We do not think that it should be difficult to discover from the record in this case that the real consideration moving the execution of the deeds was the desire of an old man, living under miserable conditions, to secure the services of someone to look after and care for him. A valuable consideration for a contract is founded on money, or something convertible into money, or having a value in money. Code, § 20-203. It will be conceded that the personal services required by a person so advanced in years as Dr. Avary at the time he executed the deeds here involved certainly have a value in money. The record shows without any dispute that for more than two years after the deeds were made the claimant performed all of the personal services which he promised to render. In *Ayer* v. *First National Bank & Trust Co.,* 182 *Ga.* 765, 767 (1) (187 S. E. 27), this court said: "A conveyance of property for the sole consideration of a promise by the grantee to provide for and furnish to the grantor for the remainder of her life the necessities of life, such as lodging, food, clothing, and medical expenses, is not a voluntary conveyance, but is one for a valuable consideration." However, the plaintiff in error says that the decision in the *Ayer* case is in irreconcilable conflict with the holdings of this court in *Park* v. *Battey & Hamiltons,* and *Dwight* v. *First National Bank of Reynolds,* supra, and both being older cases, by a full bench, should be followed. We have examined those cases and can not agree that

there is any conflict. Both cases involved transfers by a debtor, insolvent at the time, for the purpose of preferring a creditor, and the grantor retained a benefit to himself. The *Ayer* case, like the one now before us, did not involve a transfer or assignment of property in violation of the Code, § 28-201 (1), from an insolvent debtor to a creditor, but involved an outright sale for a valuable consideration.

In the instant case, after repeated requests, the grantee with his family moved to the home of his uncle and for a considerable period of time, and (as revealed by the record) to the uncle's entire satisfaction, rendered him all of the personal attention required by a person of such advanced years. Such services have a value in money, and a deed based thereon is not a voluntary conveyance, but one for a valuable consideration. But it is contended that the deeds were wholly wanting in consideration, since the grantee was obligated to look after and care for the grantor during the remainder of his life, because he had previously executed a will naming the children of the grantee as beneficiaries for the same consideration. This position would have force, except for the facts disclosed by the record. Apparently because of an unwarranted position taken by the plaintiff in error respecting the arrangement made by Dr. Avary to have some one look after and care for him, it was agreed between the parties to alter the terms of their contract, which they had a right to do. The first contract between them was superseded and discharged when they subsequently entered into a valid and inconsistent agreement completely covering the subject-matter embraced by the original contract. *Hewlett* v. *Almand,* 25 *Ga. App.* 346 (103 S. E. 173) ; Housekeeper Pub. Co. *v.* Swift, 97 Fed. 290 (38 C. C. A. 187). The services which had been rendered under the superseded and discharged contract, and the new promise and undertaking by the grantee to remain with, look after, and care for the grantor until his death, constituted a valuable consideration for the new contract.

■ It is unnecessary, in view of what has been said in the preceding divisions of this opinion, to discuss any of the special grounds of the motion for new trial. As tersely remarked by Justice Bleckley in *Booher* v. *Worrill,* 57 *Ga.* 235, 239 : "To scrutinize the charge of the court complained of would be fruitless. Whether the charge was correct or not, the case could have no other right

result, on the evidence before the jury, than the one arrived at." *White* v. *Southern Ry. Co.,* 123 *Ga.* 353 (4) (51 S. E. 411); *Poole* v. *Atlanta Joint Stock Land Bank,* 189 *Ga.* 59 (5 S. E. 2d, 368); *Lunsford* v. *Armour,* 194 *Ga.* 53 (20 S. E. 2d, 594).

In the circumstances of this case, the judgments on the demurrers, whether correct or not, afford no reason why the case should be reversed, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., who dissents.*