26235. SAMUELS v. CARTLEDGE.

UNDERCOFLER, Justice. The plaintiff filed suit for specific performance of an alleged oral contract to convey realty. The trial court granted summary judgment in favor of the defendant.

The record shows that in 1959 the plaintiff purchased a house in Richmond County, Georgia, from the defendant; that the plaintiff secured a loan of $3,000 by conveying the property to the Home Federal Savings & Loan Association of Augusta by a deed to secure debt; that the plaintiff secured a loan of $1,300 by conveying the property to the defendant by a subordinate deed to secure debt; that both loans were in arrears in early 1962 and the defendant foreclosed his security deed; and that the property was sold at public outcry and purchased by the

defendant, the highest bidder. About January 24, 1962, shortly before the foreclosure sale, the defendant told the plaintiff not to worry about the debts, that when the plaintiff paid what was due on the loans to the Home Federal Savings & Loan Association and to him, that he would convey the property to him. On the strength of this promise, the plaintiff remained on the property, paid the indebtednesses, and made valuable improvements to the property.

On December 11, 1969, the plaintiff entered into a sale contract with the defendant and a real estate broker whereby he agreed to purchase the property from the defendant for $15,000 provided he could obtain a full loan through the FHA 235 program. The plaintiff and the real estate broker testified that he, the plaintiff, fully understood the sale contract when he signed it. *Held:*

"An existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement completely covering the subject-matter embraced by the original contract. . . *Hewlett v. Almand,* 25 Ga. App. 346 (103 SE 173)." *Hennessy v. Woodruff,* 210 Ga. 742 (1) (82 SE2d 859); *Avary v. Avary,* 202 Ga. 22, 34 (41 SE2d 314).

Since the evidence in this case shows that the alleged 1962 oral contract between the parties was inconsistent with the sale contract entered into in 1969, the trial court properly granted a summary judgment in favor of the defendant.

*Judgment affirmed. All the Justices concur.*
ARGUED DECEMBER 15, 1970—DECIDED JANUARY 7, 1971—
REHEARING DENIED JANUARY 21, 1971.

*Robert C. Daniel, Jr., Congdon & Williams, Ralph Hill, Jr.,* for appellant.

*Albert M. Pickett, Harris, Chance & McCracken,* for appellee.