Powell *vs.* Westmoreland, trustee.

---

## POWELL *vs.* WESTMORELAND, trustee.

1. When it is admitted by the claimant and ascertained by the court, that the defendant in execution was in possession of the property at the date of the levy, the onus is upon the claimant to prove title, and the claimant has the right to open and conclude the case.
2. A debt which the defendant owed at the time he gave away certain property, though secured by a mortgage on the property given away, should be counted against him on the issue of solvency or insolvency, though afterwards paid out of the proceeds of the property so given; but if it appear that counting it as a debt, there is ample evidence that the defendant was solvent when the deed of gift was made, a new trial will not be granted on that ground alone.
3. Notes and accounts and other evidences of debt are property, and should be counted as such in the issue of the solvency or insolvency of the grantor or donor.
4. Whether the deed of gift was made with intent to defraud or delay creditors is a question of fact for the jury, to be gathered from all the circumstances of the case at the time the deed was made; and if the jury should be satisfied that the donor did not have such intent and was solvent, it is not necessary that he should have in his mind's eye any particular creditor, and an intention to reserve enough to pay him. It is enough if he then intended to hinder, delay, or defraud nobody, which involves the idea that he had good faith towards all.
5. Where the case is fully and fairly submitted to the jury under the prior rulings of this court in this case, and all the law has been given in charge, including substantially all the legal requests of plaintiff, and there is evidence enough to support the verdict, and the presiding judge is satisfied therewith, this court will not control his discretion in overruling a motion for a new trial.

Claim. Practice in the Superior Court. Fraud. Debtor and creditor. New trial. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

Powell vs. Westmoreland, trustee.

Powell brought case against W. F. Westmoreland for a tort, and recovered a judgment. The execution was levied on certain property which was claimed by J. G. Westmoreland, trustee for the wife and children of defendant in *fi. fa.*, under a trust deed of gift from the latter. The jury found for the claimant; plaintiff moved for a new trial on the following grounds:

1, 2, and 3. Because the verdict is contrary to law, evidence, and the charge of the court.

4. Because the court erred in permitting claimant's counsel to obtain the opening and conclusion of said cause, by making the admission that defendant in execution was in possession of the property levied on at the time of the levy, over the objection of counsel for plaintiff in execution, who insisted that the real and legal possession of said property at the time of said levy, was in the beneficiaries under the trust deed made by defendant to claimant; and in ruling, after the evidence was closed, that claimant's counsel were entitled to the opening and conclusion of the argument.

On this ground the presiding judge made this statement in the order overruling the motion, and verifying the grounds of the same.

At the beginning of the trial claimant's counsel stated that the claimant admitted possession of the property levied on to be in the defendant in *fi. fa.* at the date of the levy, and assumed the burden of proof. The plaintiff's counsel objected to this, and claimed the right to open and conclude. The court inquired of the latter who he considered had the possession. He replied that however it might be as to the actual possession, the plaintiff in *fi. fa.* contended that the real and true possession was in the beneficiaries under the trust deed. The court ruled that claimant was entitled to open and conclude. This occurred just before the dinner recess. After dinner, and before any evidence was introduced, counsel for plaintiff in *fi. fa.* stated that he wished the court to understand that he did not make any admission as to the possession, or where the burden of proof was. On

inquiry from the court he stated that he did not know how it was as to the actual possession, but he claimed that however it might be as to that, the real and true possession was in such beneficiaries. The court held that the burden of proof was on the claimant, remarking that if the case stopped there the plaintiff would be entitled to a verdict; to which claimant's counsel replied that they so considered it, and the trial proceeded. After all the evidence was in, the plaintiff's counsel again asked leave to open and conclude the argument. The court held that the point was covered by the former ruling, and the claimant opened and concluded the argument accordingly.

5. Because the court erred in charging the jury as follows: "A mortgage to the Loan and Building Association on the property in question would not be counted as among the debts, if the same has been subsequently paid out of the trust property."

6. Because the court erred in charging the jury as follows: "The assets then held by Willis Westmoreland are not to be reduced by allowing or deducting any exemptions he might be entitled to by law, unless he had some intention or design at the time to avail himself of such exemptions. Look to the evidence, and if you find that no such intention existed at the time he executed the deed, then you would count all his property as assets, without reference to legal exemptions. If an intention appear, and was acted on in another proceeding, and subsequently to the deed, it would be for the jury to say at what time he conceived such intention, and whether it went back to the time of the conveyance."

7. Because the court erred in refusing to charge the jury as requested:

1st. "If W. F. Westmoreland, the defendant in *fi. fa.*, was served with a copy of the declaration, and made the deed to J. G. Westmoreland as trustee, after he was so served, and the deed was voluntary, and without any valuable consideration, and covered the bulk of the valuable

property owned by him at the time, the law would presume that he did it with a fraudulent intent, and that presumption would remain until explained or rebutted."

2nd. "In order to rebut a presumption of fraud thus raised, (if any such has been raised by the evidence), Westmoreland, the maker of the deed, would have to show good faith towards Powell in making the deed. That is, that he intended, notwithstanding the deed, to pay Powell's claim against him, and that he reserved a fund amply sufficient for that purpose."

8. Because the court erred in refusing to charge the jury as requested: "A debtor making a voluntary deed to valuable property, must reserve enough out of the deed to meet all his debts and liabilities, besides what is necessary for the support of himself and family. If he does not, the deed will be void."

9. Because the court erred in refusing to charge the jury as requested: " If Westmoreland, by making this voluntary deed, rendered himself unable to make *voluntary* payment of his then existing debts and liabilities, he would be insolvent within the meaning of the law as applied in this case."

10. Because the court erred in refusing to charge the jury as requested: "Notes and accounts are not subject to levy and sale under execution, and the possession by a man who is in debt, of a sufficiency of this kind of property to pay his debts, would not render him solvent within the meaning of the law as applicable to this case, if his other property is insufficient by itself to meet all his liabilities."

11. Because the court erred in refusing to charge the jury as requested : "In order for a debtor to avail himself of notes and accounts due him in showing his solvency, he must show that they were in reach of the creditor by process of garnishment; that is, that the creditor had full and ample means of knowing who the parties were that owed the debtor, and that the persons who owed such notes and accounts were solvent, so that the money could have been collected out of them by law."

The motion was overruled and plaintiff excepted.

There are three assignments of error in the bill of exceptions:

First, the overruling of the motion for new trial.

The second is substantially the same as the fourth ground in the motion.

The third, is as follows:

After the evidence was all closed, and before the argument had commenced, counsel for plaintiff in *fi. fa.* again made the point that under the evidence as it had been developed to the jury, the plaintiff in *fi. fa.* was entitled to the opening and conclusion of the argument. The court held that the point was covered by the former ruling, and that the claimant's counsel were entitled to the opening and the conclusion.

As to the fifth ground of the motion, it appeared in evidence that when the trust deed was made by defendant in *fi. fa.*, he owed the Loan and Building Association from $1,500.00 to $2,000.00, which was secured by mortgage on the trust property, and was afterwards paid out of it.

For the other facts, see the opinion.

D. F. & W. R. HAMMOND; A. C. GARLINGTON, for plaintiff in error.

1. The court erred as set forth in the fourth ground for new trial. *Bartlett vs. Russell*, 41 *Ga.*, 196.

The court erred in allowing plaintiff's counsel to take the case out of the claimant's hands, assume the burden of proof, and conclude the argument by making an admission which did not appear as a fact in the case. The possession of the husband and family, under and in subordination to the deed held by the trustee of the wife and children, was, in law, the possession of the *cestui que trusts*, and therefore the onus was not shifted to the claimant. *Clayton vs. Brown*, 17 *Ga.*, 219. *Primrose vs. Browning*, 59 *Ga.*, 69, is not in conflict. There the plaintiff proved the possession in de-

fendant in *fi. fa.*, and the claimant made a motion for a non-suit without introducing her deed. The court simply held that the *bare possession* of both was, in law, the possession of the husband.

2. The court erred, as set forth in the 7th ground of the motion. When a debtor makes a voluntary deed conveying the bulk of his estate to his wife and children, he must show that he acted in good faith. 1 Story's Eq. Jur., sec. 353. The good faith in the debtor's mind, at the time he gives away his property, must be as actively exercised toward his creditor as toward his grantee. 1 Story's Eq. Jur., sec. 355. It is not sufficient that he show a mere absence of a positive fraudulent intent. It would be a refined species of legal sarcasm if a debtor could give away all his property, and then be allowed to say to his creditor, "I didn't intend to defraud you, because I *forgot* that I owed you." Good faith to the creditor requires an intention to pay him, notwithstanding the deed, and a reservation of a fund amply sufficient for that purpose. It is to no purpose that he says, "I didn't intend to defraud." He must show that he *did* intend to pay. See, in addition, Story's Eq. Jur., §§358, 359, 362, n. 3 ; *Clayton vs. Brown,* 17 *Ga.,* 220 ; *Weed vs. Davis,* 25 *Ga.,* 684; Hinde's lessee *vs.* Longworth, 11 Wheat., 199 ; Townsend *vs.* Westacott, 2 Beavan, 340 ; Reed *vs.* Livingstone, 3 J. C. R., 481 ; Jackson *vs.* Van Wyck, 5 Cowen, 67 ; Bailey's Eq., 228 ; 2 Bailey's Rep., 205.

3. The court erred as set forth in the 10th ground.

When a debtor makes a voluntary deed to his wife and children, covering the bulk of his estate, he must have enough left out of which payment of his debts can be *coerced.* Otherwise he is insolvent. Herrick *vs.* Borst *et al.,* 4 Hill, 650 ; Huffman *vs.* Hulburt, 13 Wend., 377 ; *Booker vs. Worrill,* 57 *Ga.,* 235. See also Bump on Bankruptcy (8 ed.), pp. 398, 794; Randall *vs.* Sutherland, 3 B. R., 18 ; *Id.,* 371 ; Smith *vs.* McLaren, 10 B. R., 266 ; Harrison *vs.* McLaren, 10 B. R., 247 ; 1 Story's Eq. Jur., §§366, 367.

4. The court erred as set forth in the 11th ground of the

Powell *vs.* Westmoreland, trustee.

motion. Westmorland's notes and accounts ought not to be counted as a part of his assets.

Property in a distant state cannot be counted in favor of a debtor. *Baker vs. Lyman,* 53 *Ga.,* 339, 351. This large wealth remaining in Westmoreland's hands was not even evidenced by his oath upon the tax digest! How could Powell ever know that he had it? It is idle to say that it was "reasonably available." A creditor is at the mercy of the debtor, if the latter is allowed by the courts to give away visible, tangible, valuable property, and leave only such property in his hands as "*notes and accounts.*"

5. The court erred as set forth in the fifth ground of the motion. Westmoreland owed the Loan and Building Association after he made the deed as well as before. It could have sued him and sold out all his remaining assets, including books, instruments, buggy, harness and second-hand furniture, long before Powell ever got to a jury with his case.

6. The court erred as set forth in the 8th ground of the motion. Westmoreland shows by his own evidence that it took every dollar that was due him in November, 1869, added to what he could make after that time, to pay the current expenses of himself and family. The stern requirements of the law demanded a better showing than that. He was not solvent, judged by his own showing.

7. The court erred as set forth in the 9th ground of the motion. There never was a time, after he made the deed, when he could command assets sufficient to make voluntary payment of Powell's claim. A law for the suppression of fraud demands a liberal construction. *Cary vs. Giles,* 9 *Ga.,* 253. The construction demanded by this request is a reasonable one.

8. The court erred as set forth in the 6th ground of the motion. Soon after Powell got his judgment, Westmoreland went into voluntary bankruptcy, and claimed as exempt from the operation of the bankrupt act the very property that he relies on to show his solvency. This was sufficient

Powell *vs.* Westmoreland, trustee.

evidence of his intention to have it set apart to him, and the court should have so instructed the jury. The law ought to carry back the intention subsequently formed to the original transaction.

T. P. WESTMORELAND; HOPKINS & GLENN; JOHN MILLEDGE, for defendant.

JACKSON, Judge.

This case was before us at the last term, and we tried so to settle the law of it that all should acquiesce in the verdict when rendered again. The jury has found the property not subject a second time. The charge of the court as a whole is unexceptionable; its whole tone and spirit is right, and the issues were fairly and fully laid before the jury. The jury was a fair and an impartial one; no exception in any way has been taken to them as not " *omni exceptione majores;*" it is the second verdict rendered in the same way, and it ought to stand unless some substantial controlling principle of law has been violated by the court.

In the motion for a new trial, many complaints are made of refusals to charge, which will be found set out in the report of the facts, all of which, we think, which should have been given, are substantially given in the charge of the court, and those not embodied therein were, in our judgment, properly refused.

We are able, after attentively examining the whole case, to find but a single error in the charge and refusals to charge:

1. That error is, that the court charged the jury that a mortgage to the Loan and Building Association on the property in question, should not be counted among the debts, if the same was subsequently paid out of the trust property. We think that on the issue of insolvency, it should have been counted; but if Westmoreland was not insolvent on the other issue of his intent to defraud creditors by the gift of the trust property, then, perhaps, it should not have been counted, at least so far as that creditor was concerned. The

:Powell vs. Westmoreland, trustee.

mortgage bound the trust property—the property given away—itself; and therefore Westmoreland could not have given it away with intent to defraud that creditor, because it was a lien on the thing given, which that thing must pay. Yet it was a debt he owed, and on the issue of solvency or insolvency at the time he made the gift, of course it should have been counted.

But it really does not appear reasonable to us to charge him with absolute insolvency when this deed was made under the facts set out in this record.

At that time, when the deed was made, he owed but about $400.00 of debts about town, the debt to the Building and Loan Association, and an uncertain debt for a tort to Powell. He had property outside of the gift amounting to upwards of seven thousand dollars. We think that notes and accounts, and such evidences of debt, are property, and it is for the jury to pass upon their value and availability. So that at that time he was solvent. And the verdict of the jury on that point is right if he is charged with the mortgage debt. So that on that point the verdict could not well have been otherwise, if the court had instructed the jury correctly on that point, and had told them to count that debt in.

On the other great issue in the case, his intent to defraud Powell or other creditors, the case was clearly and fully put to the jury by the court, they have found on it, there is evidence enough to sustain the finding, and we cannot say that the circuit judge abused that discretion with which the law wisely invests him, in overruling the motion for a new trial.

We think, too, that the court ruled right in putting the onus upon the claimant, and giving him the conclusion. 41 *Ga.*, 196. *Primrose vs. Browning*, 59 *Ga.*, 69.

On the whole, the debt at the time of the deed not being ascertained and fixed, but being an uncertain claim for damages, and the deed having been made when the grantor was sick, and with no thought of Powell in his mind, as he

swears, and his own oath being supported by what he said at the time to an attending physician, we are not prepared to say that the jury did wrong to uphold it, and that the verdict is strongly and decidedly against the weight of the evidence.

Nor can we say that the judge who tried the case and charged the jury so fully and clearly, and certainly *not leniently* or favorably towards the claimant, has abused the discretion given him in upholding the verdict.

We therefore affirm the judgment.