WEBB-CRAWFORD COMPANY *v.* BOZEMAN *et al.*

No. 9472.   FEBRUARY 14, 1934.

*R. C. Jenkins,* for plaintiff in error.   *M. F. Adams,* contra.

RUSSELL, C. J.   The plaintiff in error was compelled to go into "the camp of the enemy" for testimony.   It introduced both Leonard, the grantor, and Bozeman, the grantee, of one of the deeds attacked, and sought, as far as possible, to show by the same witnesses that the conveyance of a different tract of land by John Leonard to C. M. Powell was made for the purpose of hindering, delaying, and defrauding creditors.   It also introduced a witness who testified that in his opinion the property purchased by Bozeman was worth $500 more than Bozeman paid Leonard for it.

■   The first question that arises is whether or not the plaintiff introduced sufficient evidence to establish by a preponderance of the testimony that the conveyances it sought to set aside were made for the purpose of hindering, delaying, or defrauding creditors. Bozeman and Powell are brothers-in-law of Leonard, the grantor in each of the deeds attacked.   But while transactions between near relatives are to be scrupulously inspected, and the law permits evidence of relationship to give additional weight to other circumstances, and thus to bear heavily upon transactions between them, we are not aware of any rule by which the mere fact of the relationship, unsupported by other circumstances, would authorize a finding that a transaction between persons sustaining even close relationship óne to the other, except that of husband and wife, can be made a badge of fraud.   In its knowledge of human nature the law wisely keeps in sight the thought so sententiously expressed by Burns, that "If self the wav'ring balance shake, it's rarely right adjusted," and is justly inclined to give more weight to circumstances which of themselves indicate a purpose to hinder, delay, or defraud creditors than if the parties to the transaction under investigation are strangers.

However, after having more than once read and reread the brief of evidence, we concur in the judgment of the learned trial judge, for the reason that Webb-Crawford Company did not carry the burden of establishing that the two transactions involved, or either of

them, were fraudulent, so as to authorize the jury to find a verdict different from that returned. The case is altogether different in its facts from *Palmour* v. *Johnson*, 84 *Ga*. 91 (10 S. E. 500), cited by learned counsel for plaintiff in error. That case was one in which a deed was executed by a brother to a sister, but the question of relationship cut a very small figure in the case, for the defendant in fi. fa. himself swore altogether differently from the testimony of the defendant in fi. fa., Leonard, in this case. He testified that instead of his owing his sister, his sister owed him several hundred dollars. The deed was a mere security deed, and the defendant in fi. fa. testified that the debt to secure which it was given had been more than paid. He also testified that he only made the deed to "make my creditors hold off and give me a showing to pay my debts." There were other witnesses who testified to the fact that Johnson, the defendant in fi. fa., had told them before the litigation that his only purpose in executing the deed was to hold off his creditors; and this inculpatory evidence of fraudulent intent to hinder and delay creditors was virtually admitted by the claimant in her testimony before the jury. It was sententiously stated by Chief Justice Bleckley: "Grantor and grantee in the deed both being witnesses, if the former swears he gave notice to the latter, beforehand, of his fraudulent purpose, the latter, by denying in rebuttal other statements in the testimony of the former but not this, virtually admits the fact of notice, there being no explanation of the failure to deny such notice." In this case Bozeman unequivocally denied that he had any notice of any intention of Leonard to hinder, delay, or defraud anybody, or any knowledge of his insolvency, or of Leonard being indebted to Webb-Crawford Company; and there was no testimony in contradiction.

■ The fact that an attorney at law is employed as such by an intending purchaser of real estate, to investigate the title of the prospective vendor thereto and prepare deeds of conveyance to the vendee, does not, without more, make such attorney the agent or representative of the purchaser, so as to charge the latter with the knowledge of the attorney as to the pendency of a suit against the vendor of the realty, or of the rendition of a judgment against such vendor.

■ The ruling stated in the third headnote requires no elaboration.

█ It is useless to discuss any of the special grounds of the motion for new trial. As tersely remarked by Judge Bleckley in *Booher* v. *Worrill,* 57 *Ga.* 235, 239, "To scrutinize the charge of the court complained of would be fruitless. Whether the charge was correct or not, the case could have had no other right result, on the evidence before the jury, than the one arrived at." The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*