HIGGS *v.* WILLIS, administrator, *et al.*

HAWKINS, Justice. 1. "A gift in contemplation of death (donatio causa mortis) must be made by a person during his last illness or in peril of death, must be intended to be absolute only in the event of death, and must be perfected by either actual or symbolical delivery. Such a gift,

so evidenced, may be made of any personal property by parol and proved by one or more witnesses." Code, § 48-201.

2. "A gift causa mortis is one made during a last illness or in peril of death, and carries an immediate though revocable contingent interest in the property, as distinguished from absolute title. The full title is intended to pass only in case of death." *Cannon* v. *Williams*, 194 *Ga.* 808 (3) (22 S. E. 2d, 838).

3. "To constitute a valid gift, there must be: (a) an intention by the donor to transfer to the donee an immediate present interest, and not a mere future interest, or to make a testamentary gift; (b) an acceptance by the donee, which, if the gift is of substantial benefit, will be presumed; (c) either an actual or constructive delivery of the article or chose in action by a transfer of its dominion to the donee, or by a writing, based upon a good consideration, delivered to the donee or to a trustee to hold for him; and (d) in an alleged gift by a writing founded on a good consideration, such consideration must either be based on love and affection toward a near relative by consanguinity or affinity or one to whom a natural duty exists, or be based ·on a strong moral obligation arising from some antecedent legal obligation, although then unenforceable, ·or from some present equitable duty." *Cannon* v. *Williams*, 194 *Ga.* 808 (2) (supra).

4. While the general rule is that a policy of insurance on the life of a donor may be made the subject of a gift in the same manner as any other chose in action (24 Am. Jur. 766, § 70; 38 C. J. S. 911, § 98), the alleged gift here sought to be enforced was not of the insurance policy itself, but only of a portion of the proceeds to be derived therefrom after the death of the alleged donor.

5. While in the instant case an actual delivery by the donor to the donee of a portion of the proceeds to be derived from an insurance policy on the life of the donor was impossible, from the nature of the alleged gift, and while under such circumstances a gift might be manifested by writing (*Singleton* v. *Cotton,* 23 *Ga.* 261), neither the writing relied upon by the plaintiff nor the allegations of her petition as a whole show such good consideration for the writing as would uphold the gift, for the reason that, while the writing recites that it is made "for love and affection that I have for her and the many nice things that she has done for me," and while the petition alleges that the plaintiff donee had rendered to the donor "numerous favors and services," neither the writing nor the petition shows that the donee is a near relative by consanguinity or affinity or that she was one to whom a natural duty existed, or that there was any strong moral obligation owing by the donor arising from any antecedent legal obligation, or from some present equitable duty; and the petition, which must on demurrer be construed most strongly against the pleader, fails to show the nature or character of the "services" alleged to have been rendered, or when or how they were rendered, or that they were of any value. The petition, therefore, failed to state a cause of action, and the trial court did not err in sustaining a general demurrer thereto. *Cannon* v. *Williams,* 194 *Ga.* 808 (supra).

*Judgment affirmed. All the Justices concur.*

No. 16757. SEPTEMBER 14, 1949. REHEARING DENIED OCTOBER 13, 1949.

859

*Franklin, Eberhardt & Barham, Elsie Griner,* and *Robert R. Forrester,* for plaintiff.

*R. D. Smith* and *P. J. Rice,* for defendants.