23173.  HOBBS et al. v. CLARK, Next Friend.

CANDLER, Presiding Justice.  This is an action for land which the plaintiff brought against the defendants in Coffee County. After the evidence closed, the defendants requested and the court gave the following charge: "I charge you further that for a written deed founded on good consideration, as love and affection, such consideration must be based on love and affection toward near relatives of consanguinity or affinity, or one to whom natural duty exists, or be based on some moral obligation arising from some antecedent legal obligation, although then unenforceable, or some present equitable duty." The jury found in favor of the defendants.  The plaintiff moved for a new trial on the usual general grounds and later amended his motion by adding a special ground which alleges that the court erred in giving the defendants' requested charge on the ground that it was an abstractly incorrect rule of law.  A new trial was granted on the special ground only and the defendants appealed that judgment to this court for review.  *Held:*

1. By an Act approved March 17, 1959 (Ga. L. 1959, p. 354) *Code* § 6-1608 was repealed in its entirety and a new section of the same number was substituted in lieu thereof which declares: "The first grant of a new trial shall not be disturbed by the appellate court if said new trial is granted in the discretion of the judge on general grounds unless the plaintiff in error shall show that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the trial court: Provided, however, that the trial judge shall state in all cases the ground or grounds upon which said new trial is granted and if said new trial is granted solely upon any one or more special grounds said grant of a new trial shall be reviewable by the appellate courts and shall be reversed if the trial judge committed harmful error in granting said motion on any special ground."  In the instant case the judgment granting a new trial expressly states that it was granted solely on that special ground of the motion which alleges that the court erred in giving the defendants' requested charge.  And under the cited Act of 1959 that judgment is reviewable by this court and must be reversed if the trial judge committed harmful error in granting a new

trial on that special ground of the motion. In *Stone v. Carter*, 218 Ga. 92 (126 SE2d 617), where there was a motion for new trial on the usual general grounds and one special ground, the judge granted a new trial on the special ground only and, as here, did not rule on any of the other grounds. There this court applied the Act of 1959 and confined its consideration of the case to the one special ground of the motion on which the judge had granted ·a new trial and reversed the judgment solely on the ground that the court committed harmful error in granting a new trial on that particular ground of the motion.

2. Since the only attack made on the requested charge is that it announces an abstractly incorrect rule of law, our consideration of it must necessarily be confined to that attack only. *Code* § 20-303, declares: "Considerations [essential to contracts the law will enforce] are distinguished into good and valuable. A good consideration is such as is founded on natural duty and affection, or on a strong moral obligation. A valuable consideration is founded on money, or something convertible into money, or having a value in money, except marriage, which is a valuable consideration." In *Davis & Co. v. Morgan*, 117 Ga. 504, 507 (43 SE 732, 61 LRA 148, 97 ASR 171), Mr. Justice Lamar speaking for this court said: "The Civil Code, § 3658 [now *Code* § 20-303] defines a good consideration to be such as is founded on natural duty and affection, or 'on a strong moral obligation.' In the light of the authorities, however, the strong moral· obligation here referred to seems to be one supported either by some antecedent legal obligation, though unenforceable at the time, or by some present equitable duty." And in *Cannon v. Williams*, 194 Ga. 808, 813 (22 SE2d 838), this court unanimously held that a "good consideration is one founded either on love and affection toward one to whom a natural duty exists, such as near relatives by either consanguinity or affinity; or it may be based on a strong moral obligation supported either by some antecedent legal obligation, though unenforceable at the time, or by some present equitable duty." For a like holding, see *Higgs v. Willis*, 205 Ga. 857 (3), 858 (55 SE2d 372). In the light of these authorities, it cannot be held that the requested charge states an abstractly incorrect rule of law and we hold that it was error, harmful to the defendants, to grant a new trial on that special ground of the mo-

tion, since under the pleadings and the evidence in this case the jury was, under *Code* § 37-710, authorized to set aside and cancel the deed Rouse Walker made to George A. Clark, the plaintiff, on the ground that the consideration for such deed was greatly inadequate and that there was a great disparity of mental ability between Rouse Walker and N. A. Clark, who represented George A. Clark, his minor son, in procuring it. Concerning this issue, the evidence authorized a finding by the jury that N. A. Clark, a college graduate and the father of George A. Clark, persuaded Rouse Walker, an old and extremely feeble-minded Negro man, who could neither read nor write, to convey the property involved, a house and lot in Douglas, Ga., to Georgia A. Clark, his 8-year-old son to whom Rouse Walker was not related in any way and to whom he owed no duty or obligation of any kind and for a wholly inadequate consideration for the property conveyed.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED OCTOBER 11, 1965—DECIDED DECEMBER 6, 1965.

*Arthur C. Farrar,* for appellants.
*J. W. Waldroup, Ward Whelchel,* for appellee.