## 37231. GOODMAN v. LEWIS et al.

PER CURIAM.

In this case, a trustee in bankruptcy has brought suit against the bankrupt and his wife to set aside various conveyances of real property made by the bankrupt to his wife. The trustee's argument is that as to creditors the conveyances are null and void under Code § 28-201 (2) and (3). "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz: . . . 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or

ground for reasonable suspicion, shall be valid. 3. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance." Code § 28-201. The jury returned a verdict in favor of the defendants, and the trustee appeals.

In this appeal, the trustee argues: (1) the evidence demanded a finding that the conveyances were made with the intent to delay or defraud creditors, within the meaning of § 28-201 (2); (2) the evidence demanded a finding that the bankrupt was insolvent after the conveyances, within the meaning of § 28-201 (3);[1] and (3) the trial judge erred in refusing to admit in evidence a financial statement prepared by the bankrupt approximately six months prior to the conveyances sought to be set aside.

1. It is well established that whether a deed was made with the intent to delay or defraud creditors is a question of fact for the jury to decide from all of the circumstances of the case. *Powell v. Westmoreland,* 60 Ga. 572 (4) (1878). It is likewise well established that whether the debtor is solvent or insolvent is a question of fact for the jury. *Primrose v. Browning,* 56 Ga. 369 (3) (1876).

2. Here, the jury was authorized in finding that the bankrupt was not rendered insolvent by making the conveyances sought to be set aside.[2] The jury was also authorized to find that these conveyances were not made with the intent to delay or defraud creditors. Accordingly, the trial judge did not err in overruling the appellant's motion for directed verdict.

3. In a financial statement prepared by the bankrupt approximately six months before he made the subject conveyances, he valued one of the parcels in an amount almost three times as high as he testified the parcel was worth when he conveyed it to his wife. The trustee complains that the trial judge refused to admit this financial statement for impeachment purposes. The trial judge's refusal in this regard was at most harmless error, because the bankrupt was fully cross-examined concerning the alleged decrease in the market value of this parcel between the date the financial

---

[1] The test for determining whether a debtor is insolvent, within the meaning of § 28-201 (3), is whether the value of his remaining property is sufficient to pay in full all of his debts. *Cohen v. Parish,* 100 Ga. 335 (28 SE 122) (1897). The value of the debtor's remaining property must be determined as of the date the conveyance sought to be set aside was made. *Ayers v. Harrell,* 111 Ga. 864 (2) (36 SE 946) (1900).

[2] The jury was authorized to find that the debtor's equity in various real estate projects in which he had invested, as well as his cash, insurance, and other personal property, was sufficient in value to pay his debts at the time he made these conveyances to his wife.

statement was executed and the date the parcel was conveyed to the bankrupt's wife.

*Judgment affirmed. All the Justices concur, except Marshall, J., who dissents.*

DECIDED MAY 19, 1981.

*Hartley, Rowe & Fowler, G. Michael Hartley, Walter P. Rowe,* for appellant.

*John C. Pennington, William G. Posey,* for appellees.

MARSHALL, Justice, dissenting.

Under Code § 28-201 (2), a conveyance is subject to being set aside if it was made with the intent to delay or defraud creditors.

In this case, the testimony of the bankrupt and his wife unequivocally establishes that there was no monetary consideration for the subject conveyances, and they were made so that the bankrupt's involvement in various real estate syndications would not "jeopardize" these properties. In my opinion, this demanded a finding that the conveyances were made in order to insulate these properties from the demands of creditors and, therefore, that they were made with the intent to at least delay creditors. I would hold that the trial judge should have granted the appellant's motion for directed verdict.