### 37269. STOKES v. McRAE et al.

GREGORY, Justice.

In 1978 appellant was appointed by court order as Receiver to gather the assets of Daniel W. Young, Sr. and pay them over to Young's creditors. In his capacity as Receiver appellant brought this action to set aside four deeds dated January 5, 1976 from Young to appellee. Appellant contends these deeds are void under the provisions of Code Ann. § 28-201. This statute renders certain acts of debtors fraudulent as a matter of law and, therefore, void as to creditors and others. The original complaint named appellee as defendant. Young was added as the second defendant by amendment. Appellee filed an answer but Young did not.

At trial appellant offered evidence that Young and appellee had known each other for 15 years in business and socially. A real estate appraiser placed a value of $194,500 on the real estate conveyed in the four deeds. On cross examination the appraiser testified that the market was dropping at the time of the conveyances and that many real estate investors who owed money on their lands "just walked off and left them." The purchase price paid to Young was $30,500 according to deed transfer tax information. Young's own testimony was that a total of $55,000 was paid which included the assumption of certain debts. At the close of plaintiff's evidence the trial court granted a motion for directed verdict in favor of appellee.

(1) Appellant first contends the trial court erred in directing a verdict in that he was entitled to have the case submitted to the jury for its determination as to whether the deeds should be set aside under Code Ann. § 28-201 (3). Subsection (3) declares void, "[e]very voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance." Thus there are

two elements which must be established in order to meet the test of this subsection. The debtor must (1) convey by a voluntary deed, not for a valuable consideration, and (2) be insolvent at the time of the conveyance. We have held, as the subsection indicates, that a voluntary conveyance or deed is one without any valuable consideration. *McDonald v. Taylor,* 200 Ga. 445, 449 (37 SE2d 336) (1946). A valuable consideration is founded on money, or something convertible into money, or having a value in money. *Hobbs v. Clark,* 221 Ga. 558 (146 SE2d 271) (1965). The evidence here is undisputed that at least part of the consideration for the four deeds was money or the value of money. There being no conflict in the evidence as to the issue whether or not a valuable consideration was paid, the trial court properly directed a verdict as to subsection (3).

(2) Appellant next contends the trial court erred in directing a verdict because there were jury issues under Code Ann. § 28-201 (2). This subsection declares void "[e]very conveyance of real . . . estate . . . made with intention to delay or defraud creditors, and such intention known to the party taking." A party relying on this subsection must establish two elements: (1) the requisite intent of the grantor and (2) grantee's knowledge of grantor's intent. *First Nat. Bank v. Kelly,* 190 Ga. 603 (10 SE2d 66) (1940). The second element may be established either by proof of actual knowledge or by proof of circumstances sufficient to put grantee on inquiry. *Avary v. Avary,* 202 Ga. 22, 32 (41 SE2d 314) (1947).

Before analyzing the facts as they are controlled by the foregoing principles, it is necessary to briefly consider appellants' contention that the default by Young in failing to answer the complaint operates to establish as facts in the case all allegations pled in the complaint. While it is true that Young's default results in an admission as to Young of the truth of all well-pleaded material facts alleged against him in the complaint, Young's default does not have the same effect as to his co-defendant, appellee, who is not in default. "An admission predicated upon a default is operative against the particular party who makes default, and does not bind a co-defendant who appears and contests the litigation." 47 AmJur2d 211, Judgments, § 1194; *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498 (241 SE2d 210) (1978). Thus, Young's admission by default presented no evidence for jury consideration in the trial between appellant and appellee.

The record contains no evidence that appellee had actual knowledge of the alleged intent of Young to defraud or delay creditors. This being so, in order to reach a jury as to the second element of subsection (2) appellant necessarily relies on circumstances sufficient to put grantee on inquiry. Appellant contends that the business and social relationship between Young

and appellee is such a circumstance. We note that this case does not present an instance of a transaction between spouses wherein, by special statute, a burden to show fairness is placed on the spouses. Code Ann. § 55-505; *Mercantile Nat. Bank v. Aldridge,* 233 Ga. 318 (210 SE2d 791) (1974). See, *Goodman v. Lewis,* 247 Ga. 605 (277 SE2d 908) (1981). In other relationships this rule does not apply and the burden is on the party seeking to set aside the deed. *Webb-Crawford Co. v. Bozeman,* 178 Ga. 328 (173 SE 144) (1933) (brothers-in-law). However, regardless of the placing of the burden, the relationship between the parties is a circumstance to be considered. *Cunningham v. Avakian,* 187 Ga. 575 (3) (1 SE2d 433) (1939). Standing alone a non-spousal relationship is insufficient to raise a jury issue. There is a circumstance of the difference between the purchase price and evidence of a higher market value. This circumstance alone has been held insufficient to raise a jury issue. *Childers v. Ackerman Const. Co.,* 211 Ga. 350 (2) (86 SE2d 227) (1955). However, we do note the considerable difference in value under the evidence presented here. Another circumstance pointed to by appellant is testimony by Young that he told appellee, prior to the conveyances, that he, Young, had some indebtedness. It cannot be said that this alone will put one on inquiry. Appellant points to the circumstance that Young made other deeds at about the same time as the deeds in question here. All these other deeds were of record and from the record appellee had constructive notice of them. Standing alone this is not sufficient to raise a jury issue.

While we find that each circumstance standing alone is insufficient to raise an issue for presentation to a jury, we reach the opposite conclusion when the several are taken together. Not only are the several circumstances sufficient as to the second element of subsection (2), they raise a jury issue as to the first element, intent to defraud. Taking all the circumstances, we cannot say that there is no conflict in the evidence as to any material issue and the evidence demands a verdict for appellee. Code Ann. § 81A-150. The trial court erred in granting a directed verdict as to subsection (2).

(3) We hold that the trial court properly excluded the deposition of defendant Young offered by appellee. The use of a deposition in evidence under circumstances where the witness is available to testify in person is in the discretion of the trial court which was not abused here. Code Ann. § 81A-132 (4). This witness was not only available, he did testify and the deposition was used for impeachment purposes by appellant.

(4) In view of our reversal of the case we need not consider appellant's complaint that he was not allowed to reopen the evidence after appellee's motion for directed verdict was made. Neither do we

consider appellant's enumeration of error regarding a failure to amend the pre-trial order.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JUNE 2, 1981.

*Stokes, Lazarus & Watson, William K. Carmichael, John H. Watson,* for appellant.

*Ballard, Stephenson & Waters, W. D. Ballard, Billy J. Waters, Daniel W. Young,* for appellees.