### S93A1272. MERRELL et al. v. BECKWITH.
(439 SE2d 488)

FLETCHER, Justice.

Lillie Mae Merrell executed a promissory note in favor of Maudie Bell Dalton Beckwith in March 1981. Although disputed by Merrell, Beckwith testified at trial that in 1983 she verbally demanded payment of the note, due on demand at no interest, and had her attorney send an August 5, 1983 letter to Merrell demanding payment of the note.[1] On August 10, 1983, Merrell executed a warranty deed conveying her home property to Terry McCart, her grandson, reserving a life

---

[1] Merrell testified that she received a letter from Beckwith's attorney but could not recall when she received it or its subject matter. However, in response to Beckwith's request for admissions she admitted that she received the August 5, 1983 letter from Beckwith's attorney although she could not recall the date she received it.

estate for herself.[2]

Following judgment in her favor in a suit on the note,[3] Beckwith filed this action to set aside the deed alleging that the transfer of Merrell's real property was a fraudulent conveyance, prompted by the demand for payment on the note, made for the purpose of preventing Beckwith's judgment on the note from becoming a lien on the real estate. See generally OCGA § 9-12-80. The jury returned a verdict in favor of Beckwith and the deed from Merrell to McCart was set aside. Merrell appeals enumerating four alleged errors. We affirm.

1. In her second and third enumerations of error, Merrell challenges respectively the court's denial of her motion for directed verdict and the sufficiency of the evidence. Both enumerations charge that Beckwith failed to produce any evidence that Merrell conveyed the property with intent to defraud or that McCart had actual knowledge of or grounds to suspect an intent to defraud.

OCGA § 18-2-22 makes null and void:

(1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him;
(2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; a bona fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the debtor, shall be valid; and
(3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

At trial, the parties presented evidence that Merrell conveyed her property to McCart, a close family member with knowledge of her indebtedness, at a time when she had no other assets. The evidence also established that the consideration for the conveyance consisted of, at best, love and affection and a "little bit of money" that could

---

[2] No real estate transfer tax was paid on this conveyance of land. This indicates either that the consideration paid for the property did not exceed $100 or that the deed was exempted from such tax. See OCGA § 48-6-1 et seq.

[3] A judgment on the note was entered against Merrell in May 1984 and a fi. fa. was entered in June 1984.

have been an amount less than a dollar.[4] Additionally, the evidence revealed that Merrell remained in possession of the property from 1983 until January of 1991.

This evidence, together with Beckwith's verbal request for payment of the note and the August 5, 1983 letter, raised questions of fact for the jury and authorized the jury to find that Merrell's conveyance of her home constituted a voluntary conveyance at a time when she was insolvent or that she conveyed the property with intent to defraud and that sufficient grounds for reasonable suspicion of her intent existed. See *Stokes v. McRae*, 247 Ga. 658 (278 SE2d 393) (1981) (close familial relationship, inadequacy of consideration and transferee's knowledge of indebtedness are circumstances which, considered together, preclude grant of directed verdict); *Goodman v. Lewis*, 247 Ga. 605 (1) (277 SE2d 908) (1981) and *Powell v. Westmoreland*, 60 Ga. 572 (4) (1878) (insolvency and intent are questions for the jury); *Lewis v. Lewis*, 210 Ga. 330, 332 (80 SE2d 312) (1954) (question of grantee's knowledge of fraudulent intent is for the jury); *Glenn v. Tankersley*, 187 Ga. 129 (200 SE 709) (1939) (there is sufficient prima facie evidence of fraud, subject to explanation, if the grantor remains in possession of the property after its conveyance); *McLendon v. Reynolds Grocery Co.*, 160 Ga. 763 (129 SE 65) (1925) and *Hilburn v. Hightower*, 178 Ga. 534 (173 SE 389) (1934) (conveyances between near relatives are to be scrutinized closely and slight evidence of fraud shown between them may be sufficient to set the transaction aside); *Barber v. Terrell*, 54 Ga. 146 (1875) (reservation of life estate by the debtor may avoid the conveyance); see also *Mercantile Nat. Bank v. Aldridge*, 233 Ga. 318 (210 SE2d 791) (1974) (debtor is insolvent when, after conveyance, property retained by the debtor is not ample to pay existing debts). Accordingly, the court did not err in denying Merrell's motion for directed verdict and the jury was authorized to find that the conveyance was fraudulent under § 18-2-22.

2. Merrell takes issue with the court's refusal to give her request to charge number three concerning the rebuttable presumption of fraud arising from her continued possession of the property and the court's instruction to the jury that transactions between relatives should be closely scrutinized. We find no error.

The court instructed the jury that

[t]ransactions between relatives are to be scanned with care and scrutinized closely. And slight evidence of fraud between

---

[4] In her interrogatory responses, Merrell stated that the consideration for the conveyance was natural love and affection. At trial, she testified that in addition to love and affection, a little money was paid and, when pressed, said the amount could have been less than five or even one dollar.

them may be sufficient to set aside the transaction.

This is an accurate statement of law, *McClendon,* supra; *Hilburn,* supra, and was supported by the evidence. In contrast, Merrell's request to charge number three is, on its face, incomplete and misleading absent more elaborate instructions pertaining to legal presumptions, how they may be rebutted, and the jury's duty as it relates to such presumptions. Additionally, the court gave a similar but less specific instruction when it charged the jury that continued possession of property by the grantor may create a "badge of fraud" only if not satisfactorily explained.

Read and considered as a whole, the court's charge was an accurate statement of the law and was authorized by the evidence and adjusted to the issues. See *Hambrick v. State,* 256 Ga. 688 (353 SE2d 177) (1987) (jury charge is to be taken as a whole).

3. Merrell's remaining enumeration of error pertaining to the admission in evidence of a copy of the August 5, 1983 letter has no merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 1994.

*James P. Brown, Jr.,* for appellants.

*Barksdale, Irwin, Talley & Sharp, David B. Irwin, Daniel S. Digby,* for appellee.