A94A0073. OXFORD v. HASTY.
(445 SE2d 276)

ANDREWS, Judge.

After receiving this matter from the Supreme Court, we have reviewed the record and find that the facts of the case are the following. On November 16, 1990, Robert Hasty, appellee here, filed a petition to set aside a deed against C. Allen Oxford ("Allen Oxford"), Ruby Ann Oxford, and B. D. & B. Commercial Builders. The petition alleged that on May 9, 1990, defendant Allen Oxford executed a promissory note in favor of Hasty in the amount of $37,825.31. The note was due and payable on or before July 1, 1990 and was not paid in accordance with its terms. Subsequent to the default, Hasty filed suit and obtained a judgment against Allen Oxford in the amount of $44,202.18.

The petition further alleged that on May 9, 1990, B. D. & B. Commercial Builders owned certain real property located at 245 Camden Road. B. D. & B. continued to own the property until July 26, 1990. Allen Oxford owned 100 percent of the stock of B. D. & B. and had full control over its assets. On July 26, 1990, Allen Oxford caused B. D. & B. to transfer the property located at 245 Camden Road to himself and his wife. At the time that B. D. & B. transferred the property, the loan on the property was $462,358.67. After the conveyance, B. D. & B. was insolvent. The petition further claimed that also on July 26, 1990, Allen Oxford transferred all of his interest in the Camden Road property to his wife, Ruby Oxford, for no considera-

tion. After the transfer, Allen Oxford was insolvent.

According to the complaint, at all times Ruby and Allen Oxford knew that Allen Oxford was insolvent and that Hasty was a creditor of his. The petition alleged that they acted in a fraudulent attempt to defeat Hasty's legitimate claims as creditor.

The case came for trial before a jury. Ruby Oxford testified that she knew of the note to Hasty and knew that her husband was insolvent. She testified regarding the transfer of the Camden property to her. Introduced at trial was a copy of the filed transfer tax document, which showed that Allen Oxford had transferred his interest in the property to Ruby Ann Oxford as a gift for "love and affection." The deed which was introduced showed that the consideration for the transaction was $10.

At the conclusion of the evidence, the court granted Hasty's motion for a directed verdict. The court declared that the deed from Allen to Ruby Oxford was null and void and that title to said property was vested in both Allen and Ruby Oxford. From this judgment, Ruby Oxford appeals.

In her two enumerations of error, Oxford claims that the trial court erred by directing the verdict in favor of Hasty and in denying defendants' motion for directed verdict. She claims that she purchased the Camden property from B. D. & B. and paid a cash consideration and that it became solely her property.

The trial court's order was based on OCGA § 18-2-22 (3), which provides that "[e]very voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance" shall be fraudulent in law against creditors and as to them shall be null and void. Under this statute "the only facts necessary to be shown in order to render the deed from the husband to his wife fraudulent in law, are the indebtedness, the insolvency of the debtor, and that the deed was voluntary. When these facts are proved, the law conclusively presumes a fraudulent intent and declares the instrument void so far as creditors who held demands against the debtor at the time of the conveyance are concerned." (Citations and punctuation omitted.) *Chambers v. C & S Nat. Bank*, 242 Ga. 498, 501 (1) (249 SE2d 214) (1978).

Here, it is undisputed that Allen Oxford was indebted to Hasty and that this indebtedness predated the conveyance of the deed from Allen Oxford to his wife and existed at the time of the conveyance. Ruby Oxford testified that she was aware of this indebtedness at the time of the attempted deed conveyance. Similarly, there was no dispute that Oxford was insolvent and that Ruby Oxford was aware of this insolvency.

The dispute in this case focuses on the requirement that the conveyance be "voluntary." Although the transfer tax filing, introduced

as an exhibit at trial, indicated that the transfer from Allen to Ruby Oxford was for "love and affection," appellant Oxford argues that the conveyance was not voluntary and that Allen Oxford merely held the undivided one-half interest in trust for her. She contends that there was no evidence of a gift and that both names were on the title initially because it was required by the lender. She claims that she paid B. D. & B. $132,102.26 for the property and that because Allen Oxford paid nothing for the title he was required to convey his portion of the title to her.

"A valuable consideration is founded on money, or something convertible into money, or having a value in money." (Citation omitted.) *Stokes v. McRae*, 247 Ga. 658, 659 (1) (278 SE2d 393) (1981). Appellant Oxford carefully traces the funds and the rationale behind the transfer from Allen Oxford to herself, though her explanation focuses on the transfer from B. D. & B. to both of the Oxfords.

With regard to the transfer from Allen to Ruby Oxford, the evidence is that there was a $10 consideration recited on the deed. Thus, the deed was not upon its face a voluntary conveyance, but was prima facie a deed based on valuable consideration. See *Pharr v. Pharr*, 206 Ga. 354 (57 SE2d 177) (1950).

"Whether a conveyance is in fact voluntary depends upon the intention of the parties, which is to be ascertained from the facts and circumstances at the time of its execution." *Pharr*, supra at 357. Here, the trial court's direction of the verdict was proper. There was no evidence that Allen Oxford was indebted to Ruby Ann Oxford and there is no explanation of more than nominal consideration she paid him. Compare *Avary v. Avary*, 202 Ga. 22 (6) (41 SE2d 314) (1947). The funds which Oxford traces were paid to the bank in consideration of the transfer from the corporation to the couple; they were not paid to Allen Oxford for his transfer of the property to her. See generally *Garner v. State Banking Co.*, 150 Ga. 6 (102 SE 442) (1920). Moreover, the transfer tax document showed that the conveyance was a gift and that the consideration was "love and affection." These circumstances, in addition to the close familial relationship, see *Merrell v. Beckwith*, 263 Ga. 779, 781 (1) (439 SE2d 488) (1994), establish that the conveyance was voluntary under OCGA § 18-2-22 (3). See *Bussell v. Glenn*, 197 Ga. 816 (1) (2) (30 SE2d 617) (1944); compare *Brown v. C & S Nat. Bank*, 253 Ga. 119 (2) (317 SE2d 180) (1984). Accordingly, the trial court's actions were proper.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MAY 12, 1994 —
RECONSIDERATION DENIED JUNE 14, 1994 — 

*Hatcher, Irvin & Pressley, Henry M. Hatcher, Jr.*, for appellant.

*Charles N. Center*, for appellee.