S95A0333. SMITH et al. v. TRAVIS PRUITT & ASSOCIATES, P.C.

(455 SE2d 586)

HUNSTEIN, Justice.

After a bench trial, the trial court, pursuant to OCGA § 18-2-22 (2) and (3), declared a conveyance of residential property from Mark Smith to his wife, Angie Smith, null and void and set it aside, allowed a judgment lien of Mark Smith's judgment creditor, Travis Pruitt &

---

Associates, P.C., to attach to the property, and awarded Travis Pruitt expenses of litigation and attorney fees in the amount of $7,000. The Smiths appeal.

1. "It is well established that whether a [conveyance] was made with the intent to delay or defraud creditors is a question of fact for the [factfinder] to decide from all of the circumstances of the case. [Cit.]" *Goodman v. Lewis*, 247 Ga. 605, 606 (1) (277 SE2d 908) (1981). Our review of the transcript reveals that the evidence adduced authorized the trial court to find that Mark Smith conveyed the property to Angie Smith with the intention to delay or defraud his creditors and that sufficient grounds for reasonable suspicion of his intent existed. See *Merrell v. Beckwith*, 263 Ga. 779 (1) (439 SE2d 488) (1994). Accordingly, the trial court did not err by declaring the conveyance null and void and setting it aside pursuant to OCGA § 18-2-22 (2). We therefore do not find it necessary to reach appellants' enumeration regarding the factual findings to support the trial court's ruling regarding the application here of OCGA § 18-2-22 (3).

2. We agree with appellants that the trial court erred by awarding appellee attorney fees. Appellee's counsel stated in his place that fees in the case "will exceed ten thousand dollars." Although counsel proposed submitting to the trial court "documentation of what has been done in the case and how that figure was arrived at," no such documentation is present in the record and there is no evidence of the number of hours spent on the case or the hourly fee charged, no testimony from other attorneys or other evidence to show what constituted a reasonable attorney fee in light of the litigation history of the case. "In short, the conclusory testimony of [appellee's] counsel is the only evidence of attorney fees, and it is insufficient." *Hughes v. Great Southern Midway*, 265 Ga. 94 (1) (454 SE2d 130) (1995).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 10, 1995.

*Joseph D. Young,* for appellants.
*Webb & Daniel, Laurie W. Daniel, Harold T. Daniel, Sr.,* for appellee.