## A99A2489. HADLOCK et al. v. ANDERSON.
(540 SE2d 282)

JOHNSON, Chief Judge.

Matt Anderson sued Kent Hadlock based on fraud in the sale of a log home package. In March 1998, Anderson was awarded judgment against Hadlock in the amount of $22,969. When Anderson was unable to collect the judgment, he filed a complaint against Kent Hadlock and his wife, Janice Hadlock, alleging Kent Hadlock transferred several parcels of real estate to his wife for the purpose of

---

defrauding his creditors. Anderson sought to have the deeds cancelled and also requested general damages and attorney fees. A jury returned a verdict in favor of Anderson. The trial court cancelled the deeds and entered judgment against the Hadlocks for attorney fees and litigation expenses. The Hadlocks appeal from the judgment.[1]

1. The Hadlocks allege they were entitled to a directed verdict on the issue of whether the deeds were fraudulently made, arguing that Anderson failed to present evidence as to each of the elements necessary to prove a fraudulent conveyance. We disagree.

OCGA § 18-2-22 makes null and void:

> (2) Every conveyance of real or personal estate . . . made with intention to delay or defraud creditors, where such intention is known to the taking party; a bona fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the debtor, shall be valid; and (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

According to the Hadlocks, the conveyances could not have been declared void based on subsection (2), because there was no evidence that Kent Hadlock intended to defraud his creditors or that Janice Hadlock knew he intended to defraud his creditors. They argue further that subsection (2) could not render the conveyances void because there was evidence that the conveyances were based on a valuable consideration, and that Janice Hadlock was without notice or grounds to suspect her husband had any fraudulent intent. The Hadlocks also contend subsection (3) could not have been the basis for declaring the conveyances void because there was consideration, and there was no evidence that Kent Hadlock was insolvent at the time of the transfers.

At trial, the parties presented evidence that about 50 judgments had been rendered against Kent Hadlock or his business and, at the time this case was tried, some of the judgments were still unsatisfied. Among those were judgments entered against Kent Hadlock in January and February 1996. In February 1996, Kent Hadlock transferred five parcels of real property to his wife, including their residence. In September 1997, he conveyed two other parcels to a third party, who then transferred those properties to Janice Hadlock in July 1998.

---

[1] This Court initially transferred the appeal to the Supreme Court of Georgia, as the case involves the review of cancellation of deeds. The Supreme Court returned the case to us, finding that any equitable issues in the case involving the cancellation of deeds appeared to be ancillary to the legal issue of whether the Hadlocks fraudulently conveyed property.

Kent Hadlock admitted that he transferred some of the properties after he met Anderson and "subsequent to [Anderson's] lawsuit."

Just before Kent Hadlock made the transfers in 1996, he was advised by attorneys to file bankruptcy. Kent Hadlock admitted being unable to pay Anderson's judgment because of garnishments and "some financial problems." He also testified that he "believe[s] in working out of these situations and repaying people," that he paid some of the judgments off in installments, and that he was still making payments on some of them.

Janice Hadlock paid either no money or "like $10" for the properties. Both of the Hadlocks testified that their 22-year marriage was in trouble and Kent Hadlock transferred the properties to his wife in order to "salvage the marriage" and to give her some independence and security. Janice Hadlock testified that she knew nothing about her husband's business, that their financial situation was "fine" at the time of the transfers, that she knew of no financial problems, and that she had no reason to believe her husband made the transfers to defraud his creditors.

The evidence raised questions of fact for the jury and authorized the jury to find that the conveyances were void under either OCGA § 18-2-22 (2) or (3).[2] As noted in *Merrill v. Beckwith*, insolvency and intent are questions for the jury.[3] Similarly, the question of a grantee's knowledge of fraudulent intent is for the jury, and such intent may be established by proof of circumstances sufficient to put the grantee on inquiry.[4] Relevant considerations of intent include whether there is a close family relationship and whether the grantor remains in possession of the property after the conveyance.[5] In fact, when a transaction between spouses is attacked for fraud by a creditor, the husband and wife bear the burden of showing that the transaction was fair.[6] Finally, inadequacy of price, taken in connection with other circumstances of a suspicious nature, raises a vehement presumption of fraud.[7] Under the evidence presented, the trial court did not err in denying the motion for directed verdict.[8]

We note that within this enumeration challenging the sufficiency of the evidence to submit the case to the jury, the Hadlocks argue that their motion for directed verdict should have been granted because Anderson was not yet a creditor when the transfers were made; therefore, OCGA § 18-2-22 does not apply. Assuming this argu-

---

[2] See *Merrill v. Beckwith*, 263 Ga. 779, 781 (1) (439 SE2d 488) (1994).
[3] Id.
[4] Id.; *Stokes v. McRae*, 247 Ga. 658, 659 (2) (278 SE2d 393) (1981).
[5] See *Merrill*, supra.
[6] OCGA § 19-3-10.
[7] *Jefferson Ins. Co. v. Dunn*, 224 Ga. App. 732, 740 (5) (b) (482 SE2d 383) (1997).
[8] See id. at 741 (5) (b).

ment is properly raised within this enumeration, and further assuming it was properly raised at trial in the Hadlocks' motion for directed verdict based on general sufficiency grounds, it is without merit.

OCGA § 18-2-22 makes void certain acts committed "by debtors . . . against creditors *and others.*" (Emphasis supplied.) The inclusion of "and others" indicates that the statute applies in other than debtor/creditor situations. In fact, we have held that the word "others" as used in the statute includes "plaintiffs with claims against debtors 'liable as tortfeasors, or otherwise . . . for an unascertained damage to person or property, so far as fraudulent conveyances are concerned.' "[9] It was not necessary for Kent Hadlock to be indebted to Anderson at the time of the transfers for the statute to apply.[10]

We have also held that the statute may be invoked where a person makes a conveyance with actual intent to defraud a *future* creditor or to defeat a debt which, though contemplated, is not yet in actual existence.[11] Here, there was evidence from which a jury could find that Kent Hadlock made the transfers intending to defraud future creditors or to defeat contemplated debts. A directed verdict was not authorized.

2. The Hadlocks contend that the trial court erred in allowing the jury to award attorney fees when Anderson did not present sufficient evidence to guide the jury in determining the amount of damages to be awarded. This argument was waived.

At trial, at the end of Anderson's case, Anderson's attorney announced to the court that he would state in his place the amount of attorney fees being claimed. Counsel for the Hadlocks interjected that such testimony "may be premature," and asked the trial court if it wished to bifurcate the case. The court declined to do so. Anderson's attorney then stated that he has been practicing law for 22 years, has tried cases in that court, and has experience in handling these types of cases. He added that he agreed to represent Anderson at a rate of $140 per hour, and that as of that morning, he had earned $5,000. The following then transpired:

[Court to defense counsel]: Do you have any questions of counsel about his time and attorney fees? Any questions? You're entitled to ask him if you wish.
[Defense counsel]: Do you have schedules supporting those?
[Plaintiff's counsel]: Yes.

[9] *Rolleston v. Cherry*, 237 Ga. App. 733, 735 (1) (a) (521 SE2d 1) (1999).
[10] Id.
[11] *Roach v. Roach*, 212 Ga. 40, 44 (2) (90 SE2d 423) (1955).

[Defense counsel]: I'll take counsel's word for it. I don't have any questions as to his time.

The Hadlocks' attorney declined to cross-examine Anderson's attorney regarding the fee claim.

Issues presented for the first time on appeal furnish nothing for this Court to review, for this is a court for correction of errors committed by the trial court where proper exception is taken.[12] A party cannot abandon an issue in the trial court and on appeal raise issues neither raised nor ruled upon by the trial court.[13] This enumeration presents no grounds for reversal.

3. The Hadlocks contend that the trial court erred "in failing to inquire into and correct the jury's obvious confusion" regarding one of the deeds, as shown by the jury's answer to one of the interrogatories in its verdict form. The Hadlocks complain that the jury refers in the verdict form to one of the parcels of property as "Sec. 8" rather than "Sec. 5." According to the Hadlocks, the jury's error does not demand that the verdict be reversed, but it shows the jury's confusion or "just plain sloppiness," and that the court should have inquired into and corrected the problem. However, the Hadlocks did not object to the form of the verdict when it was returned by the jury and did not request that the trial court make any such inquiry or correction.

If the form of the verdict was improper, irregular, or incomplete, it was incumbent on the Hadlocks to object to it in a timely manner.[14] In light of their failure to do so, any alleged deficiency has been waived.[15]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 6, 2000.

Kent C. Hadlock, *pro se.*
Janice Hadlock, *pro se.*
*Tisinger, Tisinger, Vance & Greer, Charles D. Mecklin, Jr.,* for appellee.

---

[12] *Cagle v. Davis*, 236 Ga. App. 657, 662 (4) (b) (513 SE2d 16) (1999).
[13] Id.
[14] *Perryman v. Rosenbaum*, 205 Ga. App. 784, 787 (3) (423 SE2d 673) (1992).
[15] Id.